THOMPSON, Judge.
The Department of Revenue (“DOR”), on behalf of Rujeania Magee, appeals an order of contempt which ordered blood testing to determine paternity three years after paternity had been adjudicated. We reverse.
DOR filed a petition to determine paterni: ty in June, 1994. Clayton Myrick, the putative father, was served but failed to file a response or any paper upon the DOR. A default was entered on 29 July 1994, and a final judgment adjudicating paternity and setting child support payments was rendered on 7 March 1995. When Myrick didn’t pay child support as required by the court’s order, a motion for contempt was filed. Myr-ick was served and the trial court conducted a hearing at which Myrick appeared and requested blood testing to determine paternity. He was properly held in contempt and an order for contempt was rendered on 16 July 1997. In addition to détermining ar-rearages, the order reads in part:
The Court grants [Myrick’s] ore tenus motion for paternity blood testing on the condition that [Myrick] pay, in advance $147.00, which shall be paid within 60 days of today [date]. *If not paid, motion denied.
Once paternity is established by court order, absent a showing of fraud upon the court, the issue of paternity is res judicata and a subsequent judge has no jurisdiction to order that the issue be relitigated. Department of Revenue v. Goulbourne, 648 So.2d 856 (Fla. 4th DCA 1995); State, Department of Health and Rehabilitative Services v. Opel, 620 So.2d 191 (Fla. 2d DCA 1993); Miller v. Cowart, 546 So.2d 768 (Fla. 2d DCA 1989).
In DeVaughn v. Department of Revenue, 691 So.2d 11 (Fla. 4th DCA), rev. denied, 700 So.2d 684 (Fla.1997), the Fourth District held that the trial court did not have jurisdiction to set aside a judgment of paternity more than one year after its rendition absent fraud, even if testing proved that appellant was not the biological father. Id. Here more than one year had passed and Myrick offered no proof to show fraud. See Rule 1.540, Fla. R.Civ.P. Myrick is obligated to continue payment of child support even if he is not the biological father of the child. Accordingly, we reverse that portion of the order which ordered blood testing to determine paternity. In all other respects,. the order is affirmed.
AFFIRMED in part; REVERSED in part.
COBB and W. SHARP, JJ., concur.