971 So.2d 157 (2007)
STATE of Florida, DEPARTMENT OF REVENUE on behalf of Donneshia CHAMBERS, Petitioner,
v.
Terrell D. TRAVIS, Respondent.
No. 1D07-2833.
District Court of Appeal of Florida, First District.
December 17, 2007.
*158 Bill McCollum, Attorney General, Melody A. Hadley, Assistant Attorney General, and William H. Branch, Assistant Attorney General, Tallahassee, for Petitioner.
John J. Maceluch, Jr., Tallahassee, for Respondent.
BENTON, J.
By petition for writ of certiorari, the Department of Revenue (DOR) seeks review *159 of a non-final circuit court order denying DOR's motion to vacate an order requiring paternity testing. In the absence of any showing of good cause, the circuit court departed from the essential requirements of law in requiring the mother (along with respondent and the child) to submit to DNA testing. Because this departure may result in harm that cannot be remedied on plenary appeal,[1] we grant the petition.

I.
We have jurisdiction. See Fla. R.App. P. 9.030(b)(2)(A) (2007). The petition for writ of certiorari was filed within 30 days of the circuit court's order denying DOR's motion to vacate (although more than 30 days after the initial order was entered). See Fla. R.App. P. 9.100(c)(1) (2007). Florida Family Law Rule of Procedure 12.491(f) (2007), provides that the circuit court, upon review of a hearing officer's recommended order, "shall enter an order promptly" but authorizes "[a]ny party affected by the order [to] move to vacate the order by filing a motion to vacate within 10 days from the date of entry" and sets forth procedures for the hearing on the motion to vacate.[2]See Fla. Fam. L.R.P. 12.491(f)-(h) (2007) (contemplating, inter alia, preparation of a record of the proceedings before the hearing officer). Under the circumstances, petitioner's compliance with the specific procedures set forth in rule 12.491 for challenging an order approving a hearing officer's recommendation does not preclude seeking certiorari review of the trial court's order denying the motion to vacate.[3] We have jurisdiction to consider the merits of DOR's petition for writ of *160 certiorari seeking review of the trial court's non-final order denying a motion to vacate authorized by rule 12.491.

II.
On January 20, 2003, Donneshia Chambers and Terrell D. Travis executed a "paternity affidavit by natural parents" acknowledging Mr. Travis as the biological father of a child born two days earlier. This duly notarized affidavit established a "rebuttable presumption . . . of paternity" pursuant to section 742.10(1), Florida Statutes (2003), which provides, in relevant part, as follows:
[W]hen an affidavit or notarized voluntary acknowledgment of paternity as provided for in s. 382.013 or s. 382.016 is executed by both parties, it shall constitute the establishment of paternity for purposes of this chapter. If no adjudicatory proceeding was held, a notarized voluntary acknowledgment of paternity shall create a rebuttable presumption . . . of paternity and is subject to the right of any signatory to rescind the acknowledgment within 60 days of the date the acknowledgment was signed or the date of an administrative or judicial proceeding relating to the child, including a proceeding to establish a support order, in which the signatory is a party, whichever is earlier.
§ 742.10(1), Fla. Stat. (2003). Pursuant to section 742.10(4), Florida Statutes (2007), such a signed voluntary acknowledgment of paternity, because it was not rescinded within the 60-day period following the date the acknowledgment was signed, "shall constitute an establishment of paternity and may be challenged in court only on the basis of fraud, duress, or material mistake of fact, with the burden of proof upon the challenger."

III.
On October 17, 2005, some two years and nine months after Mr. Travis formally acknowledged paternity, the DOR filed (on behalf of Ms. Chambers) a petition for support and other relief seeking to establish that respondent had a child support obligation. In accordance with Florida Family Law Rule of Procedure 12.491(d) (2005), the DOR's petition to establish the respondent's child support obligation was referred to a support enforcement hearing officer. Although acknowledging that he signed the paternity affidavit and alleging that he had in fact acted as the child's custodial parent for most of the child's life, Mr. Travis, out of a "desire[ ] to be sure that he is the biological father of the child" in light of what he alleged to have been the mother's "past promiscuous behavior," requested DNA testing prior to the establishment of any support obligation.
Over DOR's objections that signing a paternity affidavit had made him the legal father of the child pursuant to section 742.10, Florida Statutes (2003), and that the hearing officer lacked jurisdiction to hear contested paternity cases pursuant to Florida Family Law Rule of Procedure 12.491 (2006), the hearing officer recommended to the trial court entry of an order requiring the mother, the child, and Mr. Travis to submit to DNA testing at his expense. The trial court entered an order approving and ratifying the hearing officer's recommended order, and later, at a hearing held pursuant to Florida Family Law Rule of Procedure 12.491(f) (2007), refused to vacate its initial order.

IV.
Where the putative father is not the child's biological father, the Legislature has provided that paternity established by his voluntary acknowledgment of paternity may be "disestablished" in accordance *161 either with section 742.10(4) or with section 742.18, Florida Statutes (2007): There are two different ways for somebody whose voluntary acknowledgment of paternity has rendered him a child's legal father pursuant to section 742.10, Florida Statutes (2007), to disestablish paternity. See §§ 742.10(4), 742.18, Fla. Stat. (2007).
A signed voluntary acknowledgment of paternity that establishes paternity pursuant to section 742.10(4), Florida Statutes (2007), may be challenged "on the basis of fraud, duress, or material mistake of fact, with the burden of proof upon the challenger." § 742.10(4), Fla. Stat. (2007). A challenge may be brought on these grounds under section 742.10(4), whether or not all the requirements set out in section 742.18 are met. See § 742.18(11), Fla. Stat. (2007).
In addition, "a male may disestablish paternity or terminate a child support obligation when the male is not the biological father of the child," § 742.18(1), Fla. Stat. (2007), although neither fraud nor duress induced the signing of the acknowledgment of paternity, except in certain circumstances.[4] If he proceeds pursuant to section 742.18, Florida Statutes (2007), he must file a petition in circuit court that includes (1) an affidavit averring "that newly discovered evidence relating to the paternity of the child has come to the petitioner's knowledge since the initial paternity determination or establishment of a child support obligation"; (2) the results of a paternity test generally accepted within the scientific community demonstrating a probability that the petitioner cannot be the biological father of the child or an affidavit alleging that the petitioner lacked access to the child that scientific testing requires; and (3) an affidavit in which the petitioner avers that he has substantially complied with any child support obligation for the child and that any delinquency resulted from his "inability for just cause to pay the delinquent child support" when it became due. § 742.18(1)(a)-(c), Fla. Stat. (2007). The circuit court must grant relief if it finds each of seven requirements is met, including a requirement that the petitioner has become aware of newly discovered evidence since paternity was initially determined or a child support obligation was initially established. See § 742.18(2)(a)-(g), Fla. Stat. (2007).
But Mr. Travis has instituted no proceedings, either under section 742.10(4) or under section 742.18, to disestablish the paternity which his notarized, voluntary acknowledgment of paternity established under section 742.10(1). In the child support proceedings pending before the support enforcement hearing officer, he made no allegation of fraud, duress, material mistake of fact, or newly discovered evidence that might have placed his paternity in controversy in circuit court.[5] Absent any such allegation, and absent proof in support, he failed to show good cause for a court order for paternity testing.

V.
The support hearing officer, when considering Mr. Travis's request for DNA *162 testing in the child support proceedings DOR instituted against him on behalf of Ms. Chambers, was faced with what can be viewed as a discovery request.[6] Support enforcement hearing officers, whom the statute empowers "to issue process, administer oaths, require the production of documents, and conduct hearings for the purpose of taking evidence," lack jurisdiction "to hear contested paternity cases." Fla. Fam. L.R.P. 12.491(e) (2007). Nor did the support hearing officer go so far as to adjudicate paternity. But no party to any family law proceeding is entitled to an order requiring another party to submit to genetic testing unless (1) the proceedings place paternity "in controversy" and (2) "good cause" exists for the testing. See Dep't of Revenue ex rel. Freckleton v. Goulbourne, 648 So.2d 856, 857-58 (Fla. 4th DCA 1995) (quashing order for scientific testing to determine paternity entered in proceedings against legal father for non-payment of child support in part because order "fails to comport with Florida Rule of Civil Procedure 1.360 . . . as there has been no showing that the condition to be tested is `in controversy' and that there is `good cause' for the testing").
Here the child's legal father requested genetic testing in connection with child support proceedings instituted by DOR merely in order "to be sure" that he was the child's biological father before being required to pay child support. Absent any allegation or proof of fraud, duress, material mistake of fact, or newly discovered evidence, no good cause was shown to justify the hearing officer's recommendation to require the mother and child to submit to DNA testing. The trial court's order adopting the recommendation should have been vacated. Denial of the motion to vacate departed from the essential requirements of law. See Dep't of Revenue ex rel. Gardner v. Long, 937 So.2d 1235, 1237 (Fla. 1st DCA 2006); Dep't of Revenue ex rel. T.E.P. v. Price, 958 So.2d 1045, 1046 (Fla. 2d DCA 2007); Reiss v. Dep't of Revenue ex rel. Sava, 753 So.2d 764, 765 (Fla. 4th DCA 2000).
Accordingly, we grant the petition, issue the writ, quash the order on review, and remand for further proceedings.
ALLEN and DAVIS, JJ., concur.
NOTES
[1] See Dep't of Revenue ex rel. Gardner v. Long, 937 So.2d 1235, 1237 (Fla. 1st DCA 2006) ("We find that subjecting Mother and Child to a potentially intrusive [paternity] test . . . is enough to constitute irreparable harm."); Dep't of Revenue ex rel. T.E.P. v. Price, 958 So.2d 1045, 1046 (Fla. 2d DCA 2007) ("Because this error cannot be corrected through a direct appeal, for the improper genetic testing requiring a blood draw would have already been completed, the error must be corrected through certiorari proceedings."); Reiss v. Dep't of Revenue ex rel. Sava, 753 So.2d 764, 765 (Fla. 4th DCA 2000) (granting DOR's petition for writ of certiorari where trial court improperly ordered paternity test); Dep't of Revenue ex rel. Freckleton v. Goulbourne, 648 So.2d 856, 858 (Fla. 4th DCA 1995) (same); Marshek v. Marshek, 599 So.2d 175, 176 (Fla. 1st DCA 1992) (same). See generally Belair v. Drew, 770 So.2d 1164, 1166 (Fla.2000); Vanguard Fire and Cas. Co. v. Golmon, 955 So.2d 591, 593 (Fla. 1st DCA 2006); Kirlin v. Green, 955 So.2d 28, 29 (Fla. 3d DCA 2007); Holden Cove, Inc. v. 4 Mac Holdings, Inc., 948 So.2d 1041, 1041 (Fla. 5th DCA 2007).
[2] DOR's motion to vacate did not delay rendition of the trial court's earlier order ratifying the hearing officer's recommended order. See Fla. R.App. P. 9.020(h) (2007) (providing that a motion "to vacate an order based on the recommendations of a hearing officer in accordance with Florida Family Law Rule of Procedure 12.491" delays rendition of any final order).
[3] A litigant cannot expand the time for seeking review of a non-final order (e.g., an order on a discovery motion, which is one way to characterize what the petitioner seeks review of here) by filing a petition for writ of certiorari addressed to an order on a motion for rehearing of an earlier non-final order that the petitioner failed to challenge in a timely manner. See, e.g., Blades v. Henry, 720 So.2d 323, 324 (Fla. 4th DCA 1998) (holding petitioner cannot circumvent time requirements for seeking certiorari review of an order denying a motion for a protective order by filing a successive motion seeking the same relief and seeking certiorari review that is timely only with respect to the order denying the second motion); Bensonhurst Drywall, Inc. v. Ledesma, 583 So.2d 1094, 1094-95 (Fla. 4th DCA 1991) (concluding that petitioner may not evade the time requirements for seeking certiorari review by filing a second motion in the trial court raising issues identical to those addressed in an earlier order).
[4] The statute provides that a court shall not set aside a paternity determination if the putative father engages in certain conduct after learning he is not the child's biological father, such as voluntarily acknowledging paternity pursuant to section 742.10(4) or consenting to be named on the child's birth certificate as the child's biological father. See § 742.18(3)(a)-(f), Fla. Stat. (2007).
[5] If the allegations had been sufficient to place paternity in controversy, the hearing officer, who has no jurisdiction to hear contested paternity cases, would presumably have transferred this matter to the circuit court judge. See Fla. Fam. L.R.P. 12.491(e) (2007).
[6] Florida Family Law Rule of Procedure 12.360 provides that Florida Rule of Civil Procedure 1.360 governs "the examination of persons in family law matters" and expressly provides that genetic testing may be a permitted examination under rule 1.360(a)(1). See Fla. Fam. L.R.P. 12.360 (2007). Pursuant to rule 1.360, a party may request that another party or person in the other party's legal custody or control submit to an examination only "when the condition that is the subject of the requested examination is in controversy." Fla. R. Civ. P. 1.360(a)(1) (2007). Rule 1.360(a)(2) provides that examinations are authorized under the rule only if the requesting party has "good cause" for requesting the examination and places the burden of showing good cause on the requesting party at any hearing on a request for an examination. Fla. R. Civ. P. 1.360(a)(2) (2007).