980 So.2d 590 (2008)
STATE of Florida, DEPARTMENT OF REVENUE by and on behalf of Miracle M. SHARIF, Petitioner,
v.
Patrick J. BROWN, Jr., Respondent.
No. 1D07-5147.
District Court of Appeal of Florida, First District.
April 30, 2008.
Bill McCollum, Attorney General, and William H. Branch, Assistant Attorney General, Tallahassee, for Petitioner.
Patrick J. Brown, Jr., pro se, Respondent.
BENTON, J.
By petition for writ of certiorari, the Department of Revenue (DOR) asks us to quash an order requiring Miracle M. Sharif and her child to submit to blood testing requested by Patrick J. Brown, Jr., and ordered by the circuit court on the recommendation of a judicial hearing officer. We grant the writ and quash the order.
We have jurisdiction. See Fla. R.App. P. 9.030(b)(2)(A) (2007). The order constituted a departure from the essential requirements of law, and threatens what we have held to be irreparable harm that cannot be cured on plenary appeal. See Dep't of Revenue ex rel. Gardner v. Long, 937 So.2d 1235, 1237 (Fla. 1st DCA 2006) ("We find that subjecting Mother and Child to a potentially intrusive [paternity] test . . . is enough to constitute irreparable harm."); Dep't of Revenue ex rel. T.E.P. v. Price, 958 So.2d 1045, 1046 (Fla. 2d DCA 2007) ("Because this error cannot be corrected through a direct appeal, for the improper genetic testing requiring a blood draw would have already been completed, the error must be corrected through certiorari proceedings."); Reiss v. Dep't of Revenue ex rel. Sava, 753 So.2d 764, 765 (Fla. 4th DCA 2000) (granting DOR's petition for writ of certiorari where trial court improperly ordered paternity test); see also, e.g., Belair v. Drew, 770 So.2d 1164, 1166 (Fla. 2000); Vanguard Fire & Cas. Co. v. Golmon, 955 So.2d 591, 593 (Fla. 1st DCA 2006).
Proceedings below began when DOR filed a petition for support and other relief, seeking a determination of Mr. Brown's obligation to support a minor child of whom the petition alleges Mr. Brown to be the "biological and/or legal father." The petition assumes paternity and does not seek a determination of paternity, asking instead for orders requiring payment of child support, an income deduction order, *591 an order requiring the respondent to provide and maintain health insurance for the child and the like. Mr. Brown responded by filing a paper, stating: "If possible I would like a DNA for paternity. To be sure of the infant before child support payments starts. To be really sure[.]"
This response to DOR's petition did not allege that he was not the biological father, or that he had not acknowledged his fatherhood in an affidavit executed in conformity with section 742.10(1), Florida Statutes (2006), or otherwise put paternity at issue. The judicial hearing officer seemed to recognize that paternity was not in controversy when, in rebuffing a challenge to his jurisdiction[1] below, he ruled that ordering paternity testing "under the present circumstances" was "but one step in a longer process actually initiated by Petitioners, which may or may not eventually result in a contested paternity case."
Rather than as a pleading that raised or framed issues in the proceeding, Mr. Brown's statement of preference for "a DNA for paternity" is properly viewed as a discovery request. See Dep't of Revenue ex rel. Chambers v. Travis, 971 So.2d 157, 161-62 (Fla. 1st DCA 2007) ("The support hearing officer, when considering Mr. Travis's request for DNA testing in the child support proceedings DOR instituted against him on behalf of Ms. Chambers, was faced with what can be viewed as a discovery request.").
Here, as in Travis, the child's presumptive[2] father "requested genetic testing in connection with child support proceedings instituted by DOR merely in order `to be sure' that he was the child's biological father before being required to pay child support." 971 So.2d at 162. In Travis, we explained:
Florida Family Law Rule of Procedure 12.360 provides that Florida Rule of Civil Procedure 1.360 governs "the examination of persons in family law matters" and expressly provides that genetic testing may be a permitted examination under rule 1.360(a)(1). See Fla. Fam. L.R.P. 12.360 (2007). Pursuant to rule 1.360, a party may request that another party or person in the other party's legal custody or control submit to an examination only "when the condition that is the subject of the requested examination is in controversy." Fla. R. Civ. P. 1.360(a)(1) (2007). Rule 1.360(a)(2) provides that examinations are authorized under the rule only if the requesting party has "good cause" for requesting the examination and places the burden of showing good cause on the requesting party at any hearing on a request for an examination. Fla. R. Civ. P. 1.360(a)(2) (2007).
Id. at 162 n. 6. No request for paternity testing should be granted unless (1) paternity is in controversy, and (2) good cause is shown. See Travis, 971 So.2d at 162; *592 Dep't of Revenue ex rel. Freckleton v. Goulbourne, 648 So.2d 856, 857-58 (Fla. 4th DCA 1995). Here, paternity is not in controversy and good cause has not been shown.
The petition for writ of certiorari is granted and the circuit court's order is quashed.
LEWIS and ROBERTS, JJ., concur.
NOTES
[1] We do not reach DOR's argument that the hearing officer lacked jurisdiction, pursuant to Rule 12.491(e), Florida Family Law Rules of Procedure (2006), even to recommend an order requiring paternity testing. See generally Benardo v. Dep't of Revenue ex rel. Reilly, 819 So.2d 161, 164-65 (Fla. 4th DCA 2002); Amendments to the Fla. Family Law Rules of Procedure, 723 So.2d 208, 211 (Fla.1998). See also B.J.Y. v. M.A., 594 So.2d 816, 818 (Fla. 1st DCA 1992) ("[A]rticle I, section 22 of the Florida Constitution preserves the right to a jury trial in [paternity] proceedings."). The circuit court adopted the judicial hearing officer's recommended order in entering the order under review.
[2] Mr. Brown has never traversed the allegations of paternity in the petition for support and other relief. The parties have called our attention to no other proceeding instituted either to establish or to disestablish paternity, and paternity is not at issue in the proceedings pending below.