983 So.2d 789 (2008)
Stephen ALLISON, Petitioner,
v.
Marilyn MEDLOCK, Respondent.
No. 4D08-518.
District Court of Appeal of Florida, Fourth District.
June 18, 2008.
*790 Lee N. Feinberg, Stuart, for petitioner.
Phillip E. Kuhn of Kuhn & Hutto, P.L., Lakeland, for respondent.
PER CURIAM.
In the instant case, Stephen Allison's purported appeal of an order requiring DNA testing in a paternity action has been redesignated as a petition for writ of certiorari. See State, Dep't of Revenue ex rel. Chambers v. Travis, 971 So.2d 157, 159 n. 1 (Fla. 1st DCA 2007) (recognizing that an order for DNA testing could cause irreparable harm because the test is intrusive and any error in improperly ordering genetic testing cannot be remedied on appeal after the testing is done and the results are released). We find that the order in this case departs from the essential requirements of law, and we grant the petition.
When the child was born in 2003, Allison and the mother signed a paternity affidavit in accordance with section 382.013, Florida Statutes. Because neither party sought to rescind the acknowledgment of paternity within sixty days, a rebuttable presumption arose that Allison is the father. § 742.10(1), Fla. Stat. For approximately four years, Allison has been treated as the father. His name has appeared on the child's school and medical records. He has shared custody and financial responsibility, and his family has been very involved in the child's life. Without Allison's knowledge, the mother relocated with the child to Tennessee around September of 2007.
Paternity became a disputed issue only after the mother decided to move out-of-state with the child. On September 12, 2007, Allison filed a Petition to Determine Paternity and for Related Relief and filed a Verified Emergency Motion to Grant Temporary Custody/Visitation. On October 16, 2007, the mother filed her answer along with a counter-petition to determine paternity and a motion for scientific testing. At a subsequent evidentiary hearing, the court found clear and convincing evidence of paternity and that the affidavit of paternity complied with section 382.013 and creates a rebuttable presumption that Allison is the father. In addition, the trial court granted Allison's motion for temporary custody and also granted the mother's motion for DNA testing. In the context of these proceedings, Allison has sought review of the order requiring DNA testing.
We find no merit in the mother's argument that the paternity affidavit was insufficient. As the trial court's rulings indicate, paternity in this case has been presumptively established and the only bases upon which the mother can disestablish paternity are fraud, duress, or material mistake of fact, and she bears the burden of proof. § 742.10(4), Fla. Stat. At this point, the mother has not alleged or demonstrated any of these grounds. As a result, there is no good cause for ordering DNA testing. See Travis, 971 So.2d at 162.
In her response to this court, the mother contends that there is a material mistake of fact because she previously claimed Allison was the father for her own reasons when, in fact, he is not the biological father. In her testimony at the hearing, she stated that she and Allison both knew before the child was born that he was not the biological father.[1] According *791 to this testimony, neither party was operating under a mistake of fact at the time the paternity affidavit was signed. Likewise, she cannot establish fraud. She was not the victim of any fraud, she was complicit in signing the affidavit, and she cannot now benefit from her own alleged fraud. Finally, she did not present any credible evidence of duress. The trial court did not make any findings on the record or in its order that the mother has demonstrated either fraud, duress, or material mistake of fact.
As the one challenging the presumption of paternity, the mother has the burden of proof. However, an overriding concern is the best interest of the child. See, e.g., Dep't of Revenue ex rel. T.E.P. v. Price, 958 So.2d 1045 (Fla. 2d DCA 2007). "Florida favors a strong `public policy that in a case [contesting paternity], DNA tests to establish that a man other than the legal father of a child is the biological father will not be ordered unless the court determines that it is in the best interest of the child.'" Id. at 1046 (quoting Callahan v. Dep't of Revenue ex rel. Roberts, 800 So.2d 679, 680 (Fla. 5th DCA 2001)).
The mother argues that it is in the child's best interest to have the DNA test done for possible future medical needs. Allison contends the DNA test is not in the child's best interest even if the results are not disclosed to the child for several reasons: (1) the person the mother claims is the biological father has no interest in the child and cannot be located; (2) Allison has acted as the child's father since before the child was born; and (3) it is not in the child's best interest to disestablish paternity. The trial court did not make any finding that DNA testing is in the best interest of the child.
Presently, Allison is the presumptive father, the mother has not alleged or demonstrated a legally sufficient basis to challenge paternity, and the court has not determined that DNA testing is in the best interest of the child. Accordingly, the order requiring DNA testing is quashed without prejudice for the mother to request another hearing if she has additional evidence to present on this issue.
SHAHOOD, C.J., STEVENSON and DAMOORGIAN, JJ., concur.
NOTES
[1] According to the mother's evidence, the child's biological father is a man who used to date the child's maternal grandmother. When the mother told him she was pregnant, he disappeared. She has not seen him since, and she could not locate him because she knew only his first name.

In announcing his ruling, the judge noted that he did not find the mother's testimony particularly credible.