STRINGER, Judge.
The Department of Revenue, on behalf of Linda Donaldson, challenges an order granting Christopher Blocker’s motion for scientific paternity testing for minor child L.M.D. We conclude the trial court lacked jurisdiction to enter the order for scientific paternity testing, and we vacate the order.[1]
*1293 In April 2001, the Department, on behalf of Donaldson, filed a paternity action against Blocker. Substitute service of the complaint was made on Blocker’s mother at his residence. Blocker failed to respond to the complaint, and a default was entered by the clerk. A final judgment of paternity and support was entered August 20, 2001, adjudicating Blocker the biological father of L.M.D. Over the next two years, Blocker filed three motions requesting DNA testing to determine paternity and requesting that the order be set aside, and each motion was denied.
On July 14, 2006, five years after the final judgment, Blocker filed two more motions, a motion for scientific paternity testing and a motion to set aside default. A hearing was held only on the motion for scientific paternity testing. In that motion, Blocker sought an order requiring scientific paternity testing pursuant to section 742.12, Florida Statutes (2006), stating, “[Ojther than testimony, very little or no substantial proof of paternity or nonpa-ternity is available in this action.” The trial court granted the motion, finding that Blocker denies knowledge of the service for the paternity action, has been requesting DNA testing since he learned of the final judgment, and “has been in the National Guard and was, from time to time during the course of these proceedings, on active duty overseas.”
Section 742.12 states that “[i]n any proceeding to establish paternity, the court on its own motion may require the child, mother, and alleged fathers to submit to scientific tests ... to show a probability of paternity.” It is well established that, absent a showing of fraud upon the court, “a trial court is without jurisdiction to permit a challenge to a judgment of paternity more than one year after its rendition.” Dep’t of Revenue ex rel. Moseley v. Kunhardt, 711 So.2d 247, 249 (Fla. 3d DCA 1998).
In this case, paternity was established pursuant to the August 20, 2001, final judgment, and that judgment has never been set aside. Though Blocker claimed at the hearing that he did not have knowledge that the paternity complaint was served through his mother, there has been no determination that substitute service on Blocker’s mother was not proper. Thus, at the time of the hearing, there existed no open proceedings regarding paternity, and the trial court lacked jurisdiction to order scientific ■ testing pursuant to section 742.12.
Blocker is not without potential avenues for contesting his paternity. For example, the Department properly acknowledges that Blocker may be entitled to challenge his paternity through section 742.18, Florida Statutes, which allows a male to petition the court for disestablishment of paternity or termination of child support obligations when the male is not the biological father. See Dep’t of Revenue ex rel. Chambers v. Travis, 971 So.2d 157 (Fla. 1st DCA 2007). At this time, however, the adjudication of paternity has not been properly challenged, and we must vacate the order for scientific paternity testing as entered without jurisdiction.
Order vacated.
WHATLEY and SILBERMAN, JJ., Concur.

. Blocker did not file an answer brief with this court, and the Department filed a court-approved statement of the proceedings below, *1293 pursuant to Florida Rule of Appellate Procedure 9.200(b)(4).