STEVENSON, J.
 

 In this appeal, Annie Mohorn challenges an order denying her chapter 751 petition for temporary custody of her granddaughter, R.L.K. R.L.K.’s birth certificate names Sylenia Danielle Thomas as her mother
 
 *711
 
 and Ronnie Kennedy as her father. In October 2008, a little less than one year after the child’s birth, both Sylenia Thomas and Ronnie Kennedy executed a document that gave “all rights” and “legal guardianship” of R.L.K. to the paternal grandparents, Annie R. Mohorn and Randolph Mohorn. The document was signed by both parents and by both grandparents and notarized. In April of 2009, Annie Mohorn filed a chapter 751 petition for temporary custody of R.L.K. The trial court denied the petition, finding that the appearance of Ronnie Kennedy’s name on the birth certificate was insufficient to establish paternity for purposes of chapter 751 and that the father was required to file a paternity action pursuant to chapter 742 to “establish/ratify” paternity before Mo-horn could pursue custody under chapter 751. We reverse the order appealed as paternity had been sufficiently established for purposes of chapter 751.
 

 Chapter 751 is entitled “Temporary Custody of Minor Children by Extended Family” and is intended to provide a mechanism by which extended family members can obtain the legal documentation necessary to permit them to fully provide for the child for whom they are caring, i.e., to allow them to consent to medical treatment, to obtain copies of the child’s records, and to enroll the child in school.
 
 See
 
 § 751.01, Fla. Stat. (2009). Only an “extended family member” may bring an action under chapter 751.
 
 See
 
 §§ 751.02-.03, Fla. Stat. Chapter 751 defines an “extended family member” as “any person who is: (1)[a] relative within the third degree by blood or marriage to the parent; or (2)[t]he stepparent of a child if the stepparent is currently married to the parent.” § 751.011, Fla. Stat. Chapter 751 does not define the term “parent.”
 

 Chapter 742 is entitled “Determination of Parentage” and is the statutory vehicle by which paternity is established for children born out of wedlock.
 
 See
 
 § 742.10(1), Fla. Stat. Section 742.011 provides that “[a]ny woman who is pregnant or has a child, any man who has reason to believe that he is the father of a child, or any child may bring proceedings in the circuit court, in chancery, to determine the paternity of the child when paternity has not been established by law or otherwise.” Section 742.10 sets forth varying ways in which paternity may be established and provides, in relevant part, that
 

 ...
 
 if an affidavit, a notarized voluntary acknowledgment of paternity, or a voluntary acknowledgment of paternity that is witnessed by two individuals and signed under penalty of perjury as provided for in s. 382.013
 
 [governing birth certificates and providing that where mother is not married, father’s name may not be put on birth certificate unless both mother and father execute affidavit and providing that father be advised of consequences and responsibilities arising from signing such affidavit and placement of name on birth certificate] or s. 382.016 [governing amendment of birth and death certificates]
 
 is executed by both parties; ... such
 
 adjudication,
 
 affidavit, or acknowledgment constitutes the establishment of paternity for purposes of this chapter. If an ad/judicatory proceeding was not held, a notarized voluntary acknowledgment of paternity or voluntary acknowledgment of paternity,
 
 which is witnessed by two individuals and signed under penalty of perjury as specified by s. 92.525(2),
 
 creates a rebuttable presumption,
 
 as defined by s. 90.304,
 
 of paternity
 
 and is subject to the right of any signatory to rescind the acknowledgment within 60 days after the date the acknowledgment was signed or the date of an administrative or judicial proceeding relating to the child, including a proceeding to establish
 
 *712
 
 a support order, in which the signatory is a party, whichever is earlier.
 

 § 742.10(1), Fla. Stat. (emphasis added). Subsection (4) goes on to provide that once the sixty-day period referenced in subsection (1) has passed, the “signed voluntary acknowledgment of paternity shall constitute an establishment of paternity and may be challenged in court only on the basis of fraud, duress, or material mistake of fact.” § 742.10(4), Fla. Stat. Subsection (5) provides “[judicial or administrative proceedings are not required or permitted to ratify an unchallenged acknowledgment of paternity.” § 742.10(5), Fla. Stat.
 

 Here, Kennedy has twice signed a voluntary acknowledgement of paternity within the meaning of section 742.10(1). R.L.K. was born at Plantation General Hospital. In order for the hospital to have listed Kennedy as the father on the birth certifí-cate, Kennedy (and the child’s mother) was required to sign an affidavit acknowledging paternity and to be advised of the consequences of signing such acknowledgment.
 
 See
 
 § 382.013(2)(c), Fla. Stat. Second, in the signed and notarized October 2008 document purporting to give “all rights” and “legal guardianship” of R.L.K. to the paternal grandparents, Kennedy (and the mother) again acknowledges his paternity. These unchallenged voluntary acknowledgments of paternity have established paternity in Kennedy. No further proceedings under chapter 742 were required, or permitted, to establish Kennedy’s paternity.
 
 See
 
 § 742.10(4), (5), Fla. Stat.;
 
 State, Dep’t of Revenue ex rel. Chambers v. Travis,
 
 971 So.2d 157, 160-61 (Fla. 1st DCA 2007) (emphasizing that unchallenged voluntary acknowledgment of paternity serves to establish paternity and holding it was error for court to order DNA testing where father had not alleged grounds in 742.10(4) or the “newly discovered evidence” necessary to disestablish paternity under section 742.18). The establishment of paternity under chapter 742 was sufficient to render Kennedy a “parent” within the meaning of chapter 751 and to thus render Annie Mohorn an “extended family member” within the meaning of chapter 751.
 
 [1]
 
 The trial court thus erred in requiring Kennedy to file a paternity suit under chapter 742 before it would entertain Mohorn’s chapter 751 petition. The order appealed is reversed and the matter remanded for further proceedings.
 

 Reversed and Remanded.
 

 WARNER and POLEN, JJ., concur.
 

 [1]
 

 . Because we find that paternity has been fully and completely established under the requirements of chapter 742, we need not determine whether a party may be deemed a "parent” for the purposes of chapter 751 by lesser means.