PER CURIAM.
The Department of Revenue, on behalf of Katie McKnight, appeals an order setting child support and ordering DNA testing. The Department argues that the trial court erred in accepting the hearing officer’s recommendation that the parties submit to DNA testing for the best interest of the child. We agree. Paternity was not in controversy during the child support proceeding, and Appellee, who was listed as the father on the child’s birth certificate and who requested the testing merely “to be sure” that he was the child’s father, did not establish good cause for the testing. See State, Dep’t of Revenue ex rel. Carnley v. Lynch, 58 So.3d 1154 (Fla. 1st DCA 2011); State, Dep’t of Revenue ex rel. Sharif v. Brown, 980 So.2d 590 (Fla. 1st DCA 2008); State, Dep’t of Revenue ex rel. Chambers v. Travis, 971 So.2d 157 (Fla. 1st DCA 2007).
Accordingly, we reverse the order on appeal to the extent that it orders DNA testing and remand.
REVERSED and REMANDED.
WOLF, DAVIS, and HAWKES, JJ., concur.