DAVIS, Judge.
 

 J.C.J. challenges the trial court’s order denying his petition to disestablish his paternity of the minor child of O.S.B. (the Mother). The trial court denied the petition, concluding that it did not comply with the requirements of section 742.18(l)(b), Florida Statutes (2009). That statute “establishes circumstances under which a male may disestablish paternity or terminate a child support obligation when the male is not the biological father of the child.” § 742.18(1). On appeal, J.C.J. argues that the trial court erred in failing to grant his request for further scientific testing prior to denying the petition. We agree and reverse.
 

 From the limited record before this court,
 
 [1]
 
 we have determined that the minor child was born on May 22, 2005. J.C.J. signed a voluntary acknowledgement of paternity for the child the next day in accordance with section 382.013, Florida Statutes (2005), and nothing in this record suggests that either he or the Mother ever sought to rescind that acknowledgement. As such, J.C.J. has been established as the legal father of the minor child.
 
 See
 
 § 742.10(1) (“[I]f an affidavit acknowledging paternity or stipulation of paternity is executed by both parties and filed with the clerk of the court ... such ... affidavit or acknowledgment constitutes the establishment of paternity for purposes of this chapter.”);
 
 Allison v. Medlock,
 
 983 So.2d 789, 790 (Fla. 4th DCA 2008) (“When the child was born in 2003, Allison and the mother signed a paternity affidavit in accordance with section 382.013, Florida Statutes. Because neither party sought to rescind the acknowledgement of paternity within sixty days, a rebuttable presumption arose that Allison is the father.”).
 

 For undisclosed reasons, however, J.C.J. subsequently took the child to DNA Diagnostics Center for DNA testing on November 1, 2007, and the lab submitted its
 
 *1108
 
 finding by a report dated November 11, 2007. The report indicated that “the probability of paternity is 0%” and concluded that “[t]he alleged father is excluded as the biological father of the tested child.”
 

 On March 5, 2008, the Department of Revenue (DOR) filed, on behalf of the Mother, its petition for support and other relief, alleging that J.C.J. is the “biological and/or legal father” of the minor child and that the child resides with the Mother. The petition further alleged that J.C.J.’s paternity of the child legally had been determined pursuant to chapter 742, Florida Statutes, and that the child was in “the care and actual custody of the Custodial Parent,” who is the mother of the child.
 

 J.C.J. initially filed a one-sentence pro se answer denying that he was the biological father of the child. He then retained counsel, who filed an answer and counter-petition to disestablish paternity on March 27, 2009. The counterpetition alleged that J.C.J. had newly discovered evidence which he received after he signed the ac-knowledgement of paternity and which proved that he was not the minor child’s biological father. J.C.J. acknowledged that although the lab report might not be admissible as evidence at trial,
 
 [2]
 
 it does serve as the newly discovered evidence that would support the filing of the petition to disestablish paternity. J.C.J. then requested that the court order further scientific testing to determine the minor child’s paternity. The answer and counterpetition both were filed under oath by J.C.J.
 

 The Mother failed to respond to the counterpetition, and the clerk entered a default against her on June 2, 2009. DOR filed its answer on behalf of the Mother, basically alleging that it was without knowledge of the facts alleged in the coun-terpetition.
 

 A hearing was held on J.CJ.’s counter-petition to disestablish paternity on July 16, 2009. The trial court found that J.C.J. “is deemed to be the legal father of the subject child, as a result of [the] voluntary acknowledgement” he signed the day after the child was born. The trial court’s order acknowledged that the genetic testing provided by J.C.J. did show that he was not the minor child’s biological father. However, the trial court concluded that because the test results, which were admitted into evidence at the hearing, had not been obtained within ninety days prior to the filing of the counterpetition, J.C.J. failed to comply with the requirements of section 742.18(l)(b). The court thus further concluded that it was required by subsection (4) of the statute to deny the petition even though the genetic testing conclusively determined that J.C.J. was not the minor child’s biological father and a default had been entered against the Mother individually. The trial court specifically stated its belief that the statute did not provide any discretion in the matter because J.C.J. failed “to meet the strict requirements of the subject statute despite the [legislature’s] obvious intent to allow disestablishment of paternity under certain circumstances.”
 

 We disagree with the trial court’s conclusion. Section 742.18(l)(b) provides that the father’s petition to disestablish paternity must include “[t]he results of scientific tests that are generally acceptable within the scientific community to show a probability of paternity, administered within 90 days prior to the filing of such petition”
 
 or
 
 “an affidavit executed by the petitioner stating that he did not have access to the child to have scientific testing performed
 
 *1109
 
 prior to the filing of the petition.” This section thus sets forth what is required to be included in the petition in order for it to sufficiently state a cause of action. Subsections (2) and (3) describe the factual findings that the trial court must make to grant the petition. Section 742.18(4) requires that the petition be denied if the petitioner “fails to make the requisite showing required by this section.” In other words, subsection (4) requires the denial of the petition if the petitioner fails to state a cause of action under subsection (1) — the only subsection of the statute that sets forth what the petitioner is required to do under the statute.
 
 [3]
 

 J.C.J., however, did not fail to state a cause of action under subsection (1). By his pleadings, he swore under oath that he did not have access to the child to have further testing performed, and he requested that the trial court thus order such testing.
 
 See
 
 § 742.18(l)(b) (“A male who suspects he is not the father but does not have access to the child to have scientific testing performed may file a petition requesting the court to order the child to be tested.”).
 

 Although the statute uses the word “affidavit,” we conclude that the pleadings filed in the case provide the functional equivalent of an affidavit. The petition filed by DOR on behalf of the Mother alleged that she is the custodial parent of the minor child and that the child is in “the care and actual custody of the Custodial Parent, and they reside together.” J.C.J.’s answer admitted this allegation, and that answer was filed under oath. Furthermore, by the default entered against the Mother, she in effect consented to each of the well-pled allegations of fact.
 
 See Donohue v. Brightman,
 
 939 So.2d 1162, 1164 (Fla. 4th DCA 2006) (“When a default is entered, the defaulting party admits all well-pled factual allegations of the complaint.”). Taking all of this together, an additional affidavit would not provide any further proof or notice, and accepting these pleadings as the equivalent of the statutorily described affidavit does not in any way prejudice the Mother, nor does it impact the effectiveness or intent of the statute.
 

 Accordingly, we conclude that the trial court erred in denying the petition without requiring the further testing as requested by the pleadings. Upon remand, the trial court should order the additional testing of the child and father and then proceed to consider the merits of the evidence presented in support of J.C.J.’s counterpetition.
 

 We therefore reverse the denial of J.C.J.’s petition to disestablish paternity and remand for further proceedings.
 

 Reversed and remanded.
 

 NORTHCUTT and BLACK, JJ., Concur.
 

 [1]
 

 . Our record does not include a transcript of the hearing at which the trial court made its ruling. The order states that the parties stipulated to the order serving as a statement of facts presented at the hearing for the purposes of appellate review.
 

 [2]
 

 . This seems to suggest that J.C.J. recognized that the statute requires the lab results to have been obtained within ninety days of the filing of the petition for them to be evidence sufficient to disestablish paternity.
 
 See
 
 § 742.18(l)(b), Fla. Stat. (2009).
 

 [3]
 

 . The failure to file a petition that sufficiently states a cause of action actually should trigger a dismissal of the petition, not a denial on the merits. However, such a request was not made in this case, and J.C.J. does not argue on appeal that his counterpetition should have been dismissed rather than denied.