IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA,
DEPARTMENT OF REVENUE,
and ROSE THOMAS,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Petitioners,

CASE NO. 1D15-2708

v.

GARY L. CEASAR, JR.,

Respondent.

_____/


Opinion filed April 25, 2016.

Petition for Writ of Certiorari – Original Jurisdiction.

Pamela Jo Bondi, Attorney General, William H. Branch, Assistant Attorney General, for Petitioner.

Gary L. Ceasar, Jr., pro se, Respondent.


PER CURIAM.

The Florida Department of Revenue seeks certiorari review of an order directing respondent Gary L. Ceasar and a non-party, adult child, to submit to genetic testing. Mr. Ceasar did not respond to the show cause orders entered by this court directing him to respond to the Department's petition. And now, upon consideration of the merits in the absence of a response, we grant the petition and quash the order

compelling genetic testing, which shouldn't have been entered in the absence of proceedings placing paternity in controversy.

Mr. Ceasar moved for scientific paternity testing below, apparently as a step toward challenging a more than five-year-old paternity order establishing him as the father of a child. The paternity order also set a child support arrearage amount in favor of the child's grandmother, Rose Thomas. Mr. Ceasar has known about the order for a while, asserting that thousands of dollars have been garnished from his wages by the Department (consistent with his $258/month obligation). Mr. Ceasar testified before the hearing officer below that the child could not be his because he was just 12 when the child was born.

We have recognized that "no party to any family law proceeding is entitled to an order requiring another party to submit to genetic testing unless the proceedings place paternity 'in controversy.'" Fla. Dep't of Revenue ex rel. Corbitt v. Alletag, 156 So. 3d 1110, 1112–13 (Fla. 1st DCA 2015); State, Dep't of Revenue ex rel. Sharif v. Brown, 980 So. 2d 590, 591–92 (Fla. 1st DCA 2008); State, Dep't of Revenue ex rel. Chambers v. Travis, 971 So. 2d 157, 162 (Fla. 1st DCA 2007) (citing Fla. R. Civ. P. 1.360). And we have described how to place paternity in controversy in circumstances like this, as recently as in Florida Department of Revenue ex rel. Torres v. Spraggs, 40 Fla. L. Weekly D2358 (Fla. 1st DCA Oct. 15, 2015), stating:

> Florida law provides a statutory framework for contesting the establishment of paternity for a child born out of wedlock and for disestablishing paternity or terminating child support obligations when

the male is not the biological father of the child. The establishment of paternity for a child born out of wedlock "may be challenged in court only on the basis of fraud, duress, or material mistake of fact, with the burden of proof upon the challenger." § 742.10(4), Fla. Stat. (2015). Alternatively, a male may disestablish paternity or terminate a child support obligation when the male is not the biological father of the child, upon meeting specific pleading and proof requirements in circuit court, which include attesting that newly discovered evidence relating to the paternity of the child has come to the petitioner's knowledge since the initial paternity determination or establishment of a child support obligation. § 742.18, Fla. Stat. (2015).

In this case, however, Mr. Ceasar has not pled a basis to disestablish paternity under either § 742.10(4) or § 742.18. And there were no pending paternity proceedings at the time the order was entered below. Instead, Mr. Ceasar filed a bare motion for genetic testing, essentially seeking discovery in a non-existent paternity action. See Travis, 971 So. 2d at 161–62.[1] Because Mr. Caesar has not placed paternity in controversy, the order requiring genetic testing departed from clearly

_____

[1] There are jurisdictional and other problems associated with equating Mr. Ceasar's motion with an action to disestablish paternity. For instance, he did not allege the specific things required by the statutes to plead an action to disestablish paternity. Also, the family law rules of procedure provide that "[a] support enforcement hearing officer does not have the authority to hear contested paternity cases," see Fla. Fam. L.R.P. 12.491(e). If paternity had been in controversy here, the hearing officer could not have addressed it. See State, Dep't of Revenue ex rel. Striggles v. Standifer, 990 So. 2d 659, 661 (Fla. 1st DCA 2008). And the five-year period that Mr. Ceasar waited to question his paternity may present a res judicata problem. See, e.g., Dep't of Revenue v. Myrick, 706 So. 2d 104, 105 (Fla. 5th DCA 1998) ("Once paternity is established by court order, absent a showing of fraud upon the court, the issue of paternity is res judicata and a subsequent judge has no jurisdiction to order that the issue be relitigated."); State, Dep't of Revenue ex rel. Donaldson v. Blocker, 988 So. 2d 1292, 1293 (Fla. 2d DCA 2008) (vacating a paternity testing order where a five-year-old paternity order had not been properly challenged).

3

established legal principles.[2]

For this reason, we GRANT the petition for writ of certiorari and QUASH the trial court's order compelling genetic testing.

ROBERTS, CJ., MAKAR and OSTERHAUS, JJ., concur.

---

[2] We note that the 21-year-old child whom the court ordered to submit to a DNA test was not a party below, nor apparently given notice of the proceedings. With paternity not in controversy, the adult child possesses his own legal rights related to the ordered testing, including notice. See § 760.40(2)(a), Fla. Stat. ("DNA analysis may be performed only with the informed consent of the person to be tested, and the results of such DNA analysis, whether held by a public or private entity, are the exclusive property of the person tested, are confidential, and may not be disclosed without the consent of the person tested."). Cf. Chavez v. J & L Drywall & Travelers Ins. Co., 858 So. 2d 1266, 1268-69 (Fla. 1st DCA 2003) (recognizing that a compelled medical examination implicates the rights of the party being examined).