IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DEPARTMENT OF REVENUE,
O/B/O ERIN MEEKER,

      Petitioner,

 v.                                 Case No.  5D16-2470

ROBERT SILVA,

      Respondent.

_____/

Opinion filed March 24, 2017

Petition for Certiorari Review of Order
from the Circuit Court
for Hernando County,
Donald E. Scaglione, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Carrie R. McNair,
Assistant Attorney General, Tallahassee,
for Petitioner.

Richard L. Trionfo, of Richard L. Trionfo,
P.A., Brandon, for Respondent.


LAMBERT, J.

      The Florida Department of Revenue ("DOR") seeks certiorari review of an order

directing the parties and minor child to submit to scientific paternity testing in a proceeding

brought by DOR to register and enforce a child support obligation previously ordered by

a court in the State of Texas.  Concluding that the order departs from the essential requirements of law and will cause irreparable harm that cannot be cured on plenary appeal, we grant the petition and quash the order.

On August 16, 2006, Erin Meeker ("Meeker") gave birth to the minor child, V.S., in Texas.  The following day, the Respondent, Robert Silva ("Silva"), who was not married to Meeker, executed an affidavit acknowledging the paternity of V.S.  On August 19, 2008, an order was issued by the Texas court finding Silva to be the father of V.S. and establishing Silva's child support obligation for his child.  Thereafter, on October 7, 2009, Silva's child support obligation to V.S. was modified by the Texas court, which entered an "Agreed Order in Suit for Modification of Support Order and to Confirm [Silva's] Support Arrearage."[1]

Meeker subsequently moved with the minor child to Maine, where she and the child continue to reside.  Silva now resides in Florida.  In July 2013, DOR registered the October 7, 2009 Texas order (modifying child support) in Florida pursuant to the Florida Uniform Interstate Family Support Act.[2]  In response, Silva filed a motion pursuant to section 742.12, Florida Statutes (2014), requesting scientific paternity testing, asserting that he believed he may not be the biological father of V.S. based upon his "investigation of [Meeker's] behavior during the time of conception of the minor child."  Following a hearing at which no testimony was taken, the trial court entered the unelaborated order now under review, granting Silva's motion.

---

[1] The modification order reflects that Silva personally appeared before the court and agreed to the entry of this order.

[2] Chapter 88, Florida Statutes (2013).

To be entitled to certiorari relief, DOR must establish that the circuit court order departs from the essential requirements of law and that the order will cause irreparable harm that cannot be cured on plenary appeal. *State, Dep't of Rev. ex rel. Carnley v. Lynch*, 53 So. 3d 1154, 1156 (Fla. 1st DCA 2011) (citations omitted). Here, the irreparable harm requirement allowing this court to exercise jurisdiction has been met because any error in an order requiring a child to submit to paternity testing cannot be corrected on plenary appeal once the genetic testing is completed. *See State, Dep't of Rev. ex rel. Striggles v. Standifer*, 990 So. 2d 659, 661 (Fla. 1st DCA 2008) ("[S]ubjecting the mother and child to a potentially intrusive paternity test threatened irreparable harm that could not be remedied on plenary appeal." (additional citations omitted) (citing *State Dep't of Rev. ex rel. Sharif v. Brown*, 980 So. 2d 590 (Fla. 1st DCA 2008))); *see also Dep't of Rev. ex rel. T.E.P. v. Price*, 958 So. 2d 1045, 1046 (Fla. 2d DCA 2007) ("Because this error cannot be corrected through a direct appeal, for the improper genetic testing requiring a blood draw would have already been completed, the error must be corrected through certiorari proceedings." (citing *State v. Bjorkland*, 924 So. 2d 971, 975 (Fla. 2d DCA 2006))).

Having certiorari jurisdiction to review the order, we next address whether the order departs from the essential requirements of law. For purposes of certiorari relief, an order departs from the essential requirements of law when it violates clearly established principles of law which can come from "controlling case law, rules of court, statutes, and constitutional law." *Allstate Ins. Co. v. Kaklamanos*, 843 So. 2d 885, 890 (Fla. 2003). For the following reasons, we conclude that the instant order violates these principles.

First, the proceeding before the circuit court was to register and enforce a child support order entered in another state after paternity had been conclusively established. Section 88.3151, Florida Statutes (2015), provides that "[a] party whose parentage of a child has been previously determined by or pursuant to law may not plead nonparentage as a defense to a proceeding under this act." Second, Silva filed his motion for scientific paternity testing pursuant to section 742.12, which, by its own terms, is not applicable to the present proceeding as this statute pertains to "any proceeding to *establish* paternity." § 742.12(1), Fla. Stat. (2014) (emphasis added). Paternity regarding this minor child was established long ago. Third, although there are circumstances under which a male may seek to disestablish paternity or terminate a child support obligation when he is not the biological father of the child, to do so requires the filing of a petition and affidavit with specific pleading requirements. *See* § 742.18(1), Fla. Stat. (2014). However, Silva has not filed such a petition. Additionally, Silva acknowledged in his response to DOR's certiorari petition that he is not requesting that the Florida court disestablish paternity if the testing shows that he is not the biological father of V.S. and "understands that . . . he would have to go to the court that has jurisdiction to go forward with his action to disestablish paternity."

Simply put, there was no basis for the circuit court to order paternity testing because no paternity action was pending before it. Under these circumstances, the court order compelling scientific paternity testing was akin to a discovery order. However, "no party to any family law proceeding is entitled to an order requiring another party to submit to genetic testing unless (1) the proceedings place paternity 'in controversy' and (2) 'good cause' exists for the testing." *Fla. Dep't of Rev. ex rel. Corbitt v. Alletag*, 156 So. 3d 1110,

1112 (Fla. 1st DCA 2015) (quoting *Lynch*, 53 So. 3d at 1156-57). Here, the trial court made no finding of "good cause" in the challenged order nor was there any testimony or evidence presented that could have supported such a finding. Thus, if construed as a discovery order, it was improvidently entered.

Accordingly, we grant DOR's petition for a writ of certiorari and quash the trial court's order that directed the parties and the minor child to make themselves available for scientific paternity testing.

PETITION FOR WRIT OF CERTIORARI GRANTED; ORDER QUASHED.

BERGER, J., and JACOBUS, B.W., Senior Judge, concur.