# Third District Court of Appeal

## State of Florida

Opinion filed August 3, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0795
Lower Tribunal No. 21-15390
_____

**State of Florida, Department of Revenue, by and on behalf of Sonia M. Murgas Zelaya,**
Petitioner,

vs.

**Hugo A. Trochez,**
Respondent.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Marcia del Rey, Judge.

Ashley Moody, Attorney General, and Toni C. Bernstein, Senior Assistant Attorney General (Tallahassee), for petitioner.

No appearance for respondent.


Before HENDON, MILLER, and GORDO, JJ.

MILLER, J.

Petitioner, the Department of Revenue, by and on behalf of Sonia Murgas Zelaya, the mother, seeks relief in certiorari from a non-final order requiring the mother and her minor child submit to genetic testing. In these proceedings, the Department contends that, because respondent, Hugo Trochez, the presumed natural father, legally acknowledged paternity upon the birth of the child and has not sought to disestablish paternity, certiorari lies. Persuaded by the reasoning in State, Department of Revenue ex rel. Sharif v. Brown, 980 So. 2d 590 (Fla. 1st DCA 2008) and its progeny, we find that the challenged order constitutes a departure from the essential requirements of law resulting in material injury irremediable on appeal. Thus, we grant the petition.

## BACKGROUND

The presumed father and the mother were involved in an intimate relationship, but they never married. In 2016, the mother gave birth to the child. Upon the birth, the presumed father formally acknowledged his paternity. Approximately six years later, he filed a petition seeking to confirm his paternity in the circuit court. In his petition, he conceded that his involvement with the mother was consistent with his paternity. Nonetheless, he requested that both the mother and child submit to genetic testing.

2

The Department filed a complaint in intervention, seeking to recover past due child support. The trial court ordered both the mother and child to submit to testing, and the instant petition ensued.

## STANDARD OF REVIEW

"Certiorari review is warranted when a non-final order (1) cannot be remedied on postjudgment appeal, (2) results in material injury for the remainder of the case, and (3) departs from the essential requirements of law." Dade Truss Co. Inc. v. Beaty, 271 So. 3d 59, 62 (Fla. 3d DCA 2019). "The first two prongs of the analysis are jurisdictional." Id.; see also Parkway Bank v. Fort Myers Armature Works, Inc., 658 So. 2d 646, 649 (Fla. 2d DCA 1995) ("[A] petitioner must establish that an interlocutory order creates material harm irreparable by postjudgment appeal before [the] court has power to determine whether the order departs from the essential requirements of the law.").

## LEGAL ANALYSIS

It is well-established that "no party to any family law proceeding is entitled to an order requiring another party to submit to genetic testing unless (1) the proceedings place paternity 'in controversy' and (2) 'good cause' exists for the testing." State, Dep't of Revenue ex rel. Carnley v. Lynch, 53 So. 3d 1154, 1156 (Fla. 1st DCA 2011) (quoting State, Dep't of Revenue ex

rel. Chambers v. Travis, 971 So. 2d 157, 162 (Fla. 1st DCA 2007)); see also Fla. Fam. L. R. P. 12.360(a); Fla. R. Civ. P. 1.360(a).  A trial court is further charged with determining that the testing would be in the "child's best interest."  Flores v. Sanchez, 137 So. 3d 1104, 1108 (Fla. 3d DCA 2014).

Section 742.10, Florida Statutes (2022), governs paternity determinations for children born out of wedlock.  As relevant to this dispute, once a father executes a voluntary acknowledgment of paternity, the document "constitutes the establishment of paternity for purposes of [chapter 742]."  § 742.10(1), Fla. Stat.  The acknowledgment additionally creates a rebuttable presumption of paternity, which any signatory may rescind within sixty days of execution.  Id.  After sixty days, however, the document "may be challenged in court *only* on the basis of fraud, duress, or material mistake of fact, with the burden of proof upon the challenger."  § 742.10(4), Fla. Stat. (emphasis added).  Alternatively, an affiant may file a petition to disestablish paternity pursuant to section 742.18(1), Florida Statutes.

In the instant case, the presumed father conceded he executed the acknowledgment of paternity, and the acknowledgment was never rescinded.  He did not allege in his petition that the document was the product of fraud, duress, or material mistake of fact, or that he endeavored

4

to disestablish paternity. See § 742.18, Fla. Stat. Instead, he sought testing merely to confirm his paternity.

In State, Department of Revenue ex rel. Sharif v. Brown, 980 So. 2d 590, 591 (Fla. 1st DCA 2008), the First District Court of Appeal determined under identical circumstances that such a petition was akin to a discovery request and therefore insufficient to place paternity in controversy or establish good cause for compelled genetic testing. Several other decisions have adopted similar reasoning and concluded certiorari relief is proper in this context. See, e.g., Dep't Revenue ex rel. Corbitt v. Alletag, 156 So. 3d 1110, 1112 n.2 (Fla. 1st DCA 2015) ("[A] request for DNA testing in a [Department of Revenue]-initiated child support proceeding is properly viewed as a discovery request."); State v. Ceasar, 188 So. 3d 989, 991 (Fla. 1st DCA 2016) (holding father's motion for genetic testing essentially sought discovery where father did not plead basis to disestablish paternity and, thus, failed to place paternity in controversy); Dep't of Revenue o/b/o Meeker v. Silva, 214 So. 3d 766, 769 (Fla. 5th DCA 2017) (noting court order compelling paternity test was analogous to discovery order and granting certiorari relief because "trial court made no finding of 'good cause' . . . nor was there any testimony or evidence presented that could have supported such a finding").

We find this logic persuasive. Under the applicable statutory scheme, the presumed father was required, at a minimum, to raise allegations of fraud, duress, or mistake of fact, or communicate his intent to disestablish paternity. He did neither, and the court failed to find the testing was in the best interests of the child.

In view of these omissions, we find that the challenged order runs afoul of the essential requirements of the law. See Alletag, 156 So. 3d at 1112–13 (citations omitted) ("An order departs from the essential requirements of law when it violates a clearly established principle of law (including controlling case law) resulting in a miscarriage of justice. Here, the challenged order violates controlling case law . . . because the record establishes that the father did not place the child's paternity in controversy or establish good cause for paternity testing."); Travis, 971 So. 2d at 162 ("Absent any allegation or proof of fraud, duress, material mistake of fact, or newly discovered evidence, no good cause was shown to justify the hearing officer's recommendation to require the mother and child to submit to DNA testing."); Allison v. Medlock, 983 So. 2d 789, 790 (Fla. 4th DCA 2008) (citations omitted) ("[P]aternity in this case has been presumptively established and the only bases upon which the mother can disestablish paternity are fraud, duress, or material mistake of fact, and she bears the

burden of proof. At this point, the mother has not alleged or demonstrated any of these grounds. As a result, there is no good cause for ordering DNA testing."). Given the intrusive nature of the compulsory testing, we further conclude that the departure results in harm that cannot be remedied on plenary appeal. See Dep't of Revenue ex rel. T.E.P. v. Price, 958 So. 2d 1045, 1046 (Fla. 2d DCA 2007) (holding order compelling genetic test would be irremediable on direct appeal, as "the improper genetic testing requiring a blood draw would have already been completed"); Dep't of Revenue ex rel. Gardner v. Long, 937 So. 2d 1235, 1237 (Fla. 1st DCA 2006) ("We find that subjecting Mother and Child to a potentially intrusive [paternity] test . . . is enough to constitute irreparable harm."); Llanos v. Huerta, 296 So. 3d 472, 474 (Fla. 3d DCA 2018) ("[T]he trial court departed from the essential requirements of the law resulting in material injury for which there is no adequate remedy upon post-judgment appeal when it compelled [the parents] to submit their minor child to paternity testing."). Consequently, we grant the petition for writ of certiorari and quash the order under review.

Petition granted. Order quashed.