KELLY, Judge.
Antonio Mendez appeals the final administrative order establishing his support obligations for three children. We reverse.
Mendez was served by the Department of Revenue (DOR) with a notice of proceeding to establish an administrative support order regarding three minor children. Two of the children were born during the time Mendez was married to the children’s mother, and the third was born before the marriage. The notice of proceeding contained a provision stating that neither the DOR nor the Division of Administrative Hearings has jurisdiction over custody, visitation, alimony, or disputed paternity and that these issues could only be addressed in circuit court. The notice also provided that the DOR would proceed in circuit court to determine child support if a written request was filed within twenty days of receiving the notice.
Mendez timely responded by writing on both the notice and on the financial affidavit, “I want a court date for DNA testing before I sign anything. Thank you.” Mendez received no response from the DOR regarding • circuit court action. Thereafter, Mendez received a proposed administrative support order advising him of his right to a hearing regarding child support. Mendez timely requested a hearing after which he was ordered by the administrative law judge to pay support for all three children.
Neither the DOR nor the Division of Administrative Hearings has jurisdiction to hear or determine issues of disputed paternity. § 409.2563(2)(b), Fla. Stat. (2004). Furthermore, section 409.2563(2)© provides in pertinent part: “The department shall terminate the administrative proceeding and file an action in circuit court to determine support if within 20 days after receipt of the initial notice the noncustodial parent requests in *1061 writing that the department proceed in circuit court.” Mendez did not specifically state in his handwritten notations on the notice of proceeding and the financial affidavit that he wanted the DOR to proceed in circuit court to determine his support obligation; however, it is clear that he was seeking a paternity determination which the administrative court could not provide. Therefore, upon receipt of Mendez’s timely request, the DOR was obligated to terminate the administrative proceeding and proceed with this action in circuit court. See § 409.2563(2)(f).
Reversed and remanded with directions.
DAVIS and CANADY, JJ., Concur.