937 So.2d 1235 (2006)
DEPARTMENT OF REVENUE, Child Support Enforcement Program, on behalf of: Regina Gardner, Petitioner,
v.
Tyler LONG, Respondent.
No. 1D06-925.
District Court of Appeal of Florida, First District.
September 25, 2006.
*1236 Charlie Crist, Attorney General, and William H. Branch, Assistant Attorney General, Child Support Enforcement, Tallahassee, for Petitioner.
No appearance for Respondent.

ON MOTION FOR REHEARING
PER CURIAM.
This cause is before us on Petitioner's motion for rehearing. We grant the motion and, accordingly, withdraw our former opinion of June 29, 2006, and substitute in its place this corrected opinion.
In this petition for writ of certiorari, the Department of Revenue ("DOR") seeks review of the Division of Administrative Hearing's ("DOAH") order directing Respondent, Mother, and Child to submit to DNA testing to establish paternity even though Respondent previously signed an acknowledgment of paternity. The hearing below was conducted under section 409.2563, Florida Statutes (2005). Because the Administrative Law Judge (ALJ) departed from the essential requirements of law and an irreparable harm will result, we grant the petition.
After receiving a proposed administrative order from DOR, Respondent timely requested a hearing by letter. As part of his request, Respondent wrote, "Need DNA test." Respondent received no response from DOR regarding circuit court action. Instead, his case was referred to DOAH and, subsequent to a hearing, DOAH issued a temporary administrative support order requiring Respondent to pay child support pending the results of genetic testing, which DOAH also ordered.
Initially, we relied on Mendez v. Department of Revenue, 898 So.2d 1060 (Fla. 2d DCA 2005), and section 409.2563(2)(f), Florida Statutes (2005),[1] in determining that DOR was required to halt the administrative process and continue in circuit court once the request for paternity testing was made. On rehearing, we have determined that our reasoning was misplaced because a request for paternity determination is different from "issues concerning custody or rights to parental contact" that trigger a termination of the administrative proceedings under section 490.2563(2)(f). Therefore, section 490.2563(2)(f) is inapplicable.
We find that neither DOR nor DOAH has jurisdiction to hear or determine issues of disputed paternity under section 409.2563(2)(b), Florida Statutes (2005). A proceeding under this statute presumes that paternity has already been established or is being established in a separate administrative proceeding pursuant to section 409.256, Florida Statutes (2005). This is evidenced by the use of the term "non-custodial parent" in the statutory language of section 409.2563, as opposed *1237 to "putative father," which means "an individual who is or may be the biological father of a child whose paternity has not been established and whose mother was unmarried when the child was conceived and born." See Section 490.256(1)(g), Florida Statutes (emphasis added).
The ALJ departed from the essential requirements of law when she ordered genetic testing under section 409.2563, Florida Statutes (2005). See Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 890 (Fla.2003) (explaining that failure of a court to follow a controlling statute can be a departure from the essential requirements of law and a basis to grant a petition for certiorari). Section 409.2563(2)(b) clearly establishes that DOAH does not have jurisdiction to determine disputed paternity. We find that subjecting Mother and Child to a potentially intrusive test that is outside the court's jurisdiction is enough to constitute irreparable harm.
It should be noted that this opinion in no way precludes Respondent from contesting paternity in any other legally cognizable manner. Our holding is simply that for the purposes of this proceeding, paternity is established.
We, therefore, GRANT the petition for writ of certiorari and QUASH the order for genetic testing. We also REMAND and instruct the ALJ below to enter a final administrative order regarding support.
ALLEN, DAVIS, and THOMAS, JJ., concur.
NOTES
[1] Section 409.2563(2)(f), Florida Statutes (2005), states, "The department [DOR] shall terminate the administrative proceeding and file an action in circuit court to determine support if within 20 days after receipt of the initial notice the noncustodial parent . . . states in writing the noncustodial parent's intention to address issues concerning custody or rights to parental contact in court. . . ." (Emphasis added.)