PER CURIAM.
The Department of Revenue (the “DOR”), appeals the trial court’s order granting Clinnie Brinson’s (“the father”), petition to vacate final judgment. We reverse.
In 1992, the court entered a final judgment of .dissolution of marriage for Linda *39 Brinson, (the “mother”) and the father. The court awarded the mother and father shared parental responsibility of their one minor child, and ordered the father to pay child support. The mother represented to the father that he was the biological father of the child, and the father had no reason to believe otherwise.
In 1995, the mother told the father that he was not the biological father of the child. Thereafter, the father, through a DNA test, confirmed that he was not the child’s father. The father then filed a petition to vacate final judgment, alleging that the mother committed fraud upon him and the court. The father requested that the court vacate the paternity and child support provisions of the dissolution final judgment.
The father was unable to find the mother, and therefore unable to personally serve her with a copy of the petition to vacate final judgment. After DOR accepted service on behalf of the mother, the father filed a motion for summary judgment. The trial court granted the summary judgment, and vacated the paternity and child support provisions of the dissolution judgment.
DOR appeals contending that the trial court erred in granting the final judgment because the father’s petition alleges intrinsic fraud, which is time-barred under Florida Rule of Civil Procedure 1.540(b). Under Florida Rule of Civil Procedure 1.540(b), a party may seek relief from judgment on grounds of intrinsic fraud within one year of entry of the judgment. The father, however, submits that the mother’s misrepresentations were extrinsic fraud, and thereby the one-year statute of limitations does not bar his claim. We disagree with the father.
In Parker v. Parker, 950 So.2d 388 (Fla. 2007), the Florida Supreme Court recently addressed the issue of whether a wife’s misrepresentation of paternity in a dissolution of marriage proceeding is extrinsic or intrinsic fraud. The Supreme Court found that this type of misconduct is intrinsic fraud, and therefore, relief must be sought within one year. Parker, 950 So.2d at 389. The Court explained its rationale by detailing the distinction between extrinsic and intrinsic fraud.
The Court defined extrinsic fraud as conduct which is collateral to the issues tried in a case, and explained that extrinsic fraud occurs where a defendant has somehow been prevented from participating in his or her case. Parker, 950 So.2d at 391. The Court further explained that intrinsic fraud applies to fraudulent conduct that arises within a proceeding and pertains to the issues in the case that have been tried or could have been tried. Specifically, the Court found a judgment obtained upon false testimony, where the parties were heard, is considered a matter tried or one that could have been tried, and is therefore intrinsic fraud. Parker, 950 So.2d at 391.
The Court also addressed the policy considerations behind this result. The Court found that public policy favors protecting the best interests of the child over protecting the interests of one parent defrauded by the other parent in the midst of dissolution proceedings. Parker, 950 So.2d at 393.
We note, however, that last term, the Legislature addressed a similar issue called the “paternity fraud law.” See § 742.18, Fla. Stat. (2006). This new law gives men the right to stop making child support payments if they gain newly discovered evidence that the child is not theirs. The law requires the man to file a court petition within ninety days of obtaining a paternity test. The father in this case may be able to seek relief under this new law.
*40 While we sympathize with the father in this case, especially because he has no contact or a current relationship with the minor child, we are bound by the Florida Supreme Court’s Parker decision. Accordingly, we reverse the trial court’s order as time-barred under Parker.
Reversed.