957 So.2d 658 (2007)
The STATE of Florida, DEPARTMENT OF REVENUE, OFFICE OF CHILD SUPPORT ENFORCEMENT, Etc., Appellant,
v.
Joe E. DUCTANT, Appellee.
No. 3D06-150.
District Court of Appeal of Florida, Third District.
April 4, 2007.
*659 Bill McCollum, Attorney General, and William H. Branch, Tallahassee, Assistant Attorney General for appellant.
Douglas Isenberg, for appellee.
Before WELLS, SUAREZ, and ROTHENBERG, JJ.

ON MOTION FOR REHEARING
WELLS, J.
We grant the appellant's motion for rehearing, withdraw our opinion filed on January 17, 2007, and substitute the following opinion in its stead.
The Department of Revenue seeks reversal of an order disestablishing paternity, absolving appellee, Joe D. Ductant, of responsibility for future child support payments and relieving him of child support arrearages. We affirm in part, reverse in part and remand for further proceedings.
On August 23, 1997, four days after J.K.D.'s birth, Ductant voluntarily signed a consenting paternity affidavit. See § 742.10(4), Fla. Stat. (2003). In August 2003, DOR filed a petition for support naming Ductant as respondent. A hearing was held on that motion on October 15, 2004. On December 9, 2004, before a written order on DOR's motion could be entered, Ductant filed a verified motion for relief from "child support order" and sought to invoke both rule 1.540 and section 742.10(4) of the Florida Statutes to revoke his 1997 paternity affidavit.
On December 10, 2004, an order was signed obligating Ductant to pay monthly support and to pay assessed arrearages through October 14, 2002. That order also rejected Ductant's claim that recent DNA testing excluded him as J.K.D.'s father because he had failed to file "any legal pleadings to set aside [a] paternity finding." On January 24, 2005, a hearing was held on Ductant's motion to revoke paternity affidavit and for relief from child support order. The trial court ordered a DNA paternity test.
On June 14, 2005, a second hearing was held. Based on the fact that DNA testing confirmed that Ductant was not J.K.D's father, the court found "in the interest of equity," Ductant would no longer have to pay child support and would be relieved of any and all prior orders adjudicating arrearages.
*660 DOR claims that the trial court erred in declaring that Ductant "is no longer the legal father of the minor child" because Ductant failed to prove entitlement to relief under either section 742.10(4) or rule 1.540. We disagree.
Section 742.10, in pertinent part, provides:
(1) . . . If no adjudicatory proceeding was held, a notarized voluntary acknowledgment of paternity or voluntary acknowledgment of paternity that is witnessed by two individuals and signed under penalty of perjury . . . shall create a rebuttable presumption . . . of paternity and is subject to the right of any signatory to rescind the acknowledgement within 60 days after the date the acknowledgment was signed. . . .
. . . .
(4) After the 60-day period referred to in subsection (1), a signed voluntary acknowledgment of paternity shall constitute an establishment of paternity and may be challenged in court only on the basis of fraud, duress, or material mistake of fact, with the burden of proof upon the challenger, and under which the legal responsibilities, including child support obligations of any signatory arising from the acknowledgment may not be suspended during the challenge, except upon a finding of good cause by the court.
§ 742.10(1), (4), Fla. Stat. (2004).[1]
The unrebutted evidence in this case was, at the very least, that there was a material mistake of fact as to the paternity of the child. Thus, we believe the evidence before the court was sufficient to disestablish paternity, at least under section 742.10.
While a sufficient basis was demonstrated to disestablish paternity and relieve Ductant of any further support obligation to this child, a sufficient basis for relieving Ductant of the support obligations that had accrued prior to the date on which his verified motion to nullify his paternity affidavit was filed (December 9, 2004), was not shown. See Dep't of Revenue ex rel. King v. Blocker, 806 So.2d 607, 610 (Fla. 4th DCA 2002)("Child support payments that remain unpaid are a vested right of the child, and `they can not be cancelled or reduced retrospectively absent extraordinary or compelling circumstances such as waiver, laches, estoppel, or reprehensible conduct [on the part of the custodial parent].' Dep't of Revenue v. Strickler, III, 702 So.2d 277, 278 (Fla. 1st DCA 1997)."); State Dep't of Health and Rehab. Servs. o/b/o Davis v. Canady, 473 So.2d 273 (Fla. 2d DCA 1985)(absent compelling circumstances or valid defense such as laches, estoppel, waiver, reprehensive conduct or other strong equitable reasons court lacks authority to retroactively cancel or reduce past due child support payments).[2] We therefore reverse for reinstatement of the December 20, 2004 arrearage award and for an award of support from October 14, 2004 (the date through which the December 20 arrearage was set) through December 9, 2004.
Affirmed in part, reversed in part, and remanded with instructions.
NOTES
[1] Chapter 97-170, section 70, Laws of Florida, effective July 1, 1997 added subsections (4) and (5), relating to challenging voluntary acknowledgments of paternity, and to ratification of unchallenged acknowledgments of paternity, respectively.
[2] See generally Florida Dep't of Revenue ex rel. R.A.E. v. M.L.S., 756 So.2d 125, 127 (Fla. 2d DCA 2000)(observing that the paramount consideration in paternity cases is the best interests of the child).