971 So.2d 875 (2007)
Jorge Javier FERNANDEZ, Appellant,
v.
DEPARTMENT OF REVENUE, CHILD SUPPORT, etc., Appellee.
No. 3D07-779.
District Court of Appeal of Florida, Third District.
November 21, 2007.
Kenneth M. Kaplan, for appellant.
Bill McCollum, Attorney General, and Toni C. Bernstein, Assistant Attorney General, for appellee.
Before GREEN, ROTHENBERG, and SALTER, JJ.
SALTER, J.
Jorge Fernandez appeals a final administrative child support order entered against him by the Florida Department of Revenue, Child Support Enforcement Program ("DOR"). We affirm the order below, *876 but without prejudice to Fernandez's right to commence an action to disestablish paternity.
Fernandez raises three alleged reversible errors below. First, he maintains that the administrative judge who heard the child support matter lost jurisdiction over the matter when Fernandez filed an answer disputing paternity and requested DNA testing to determine whether he was the child's father. Second, he argues that the administrative judge reversibly erred by failing to conduct a hearing pursuant to paragraph 409.2563(4)(h), Florida Statutes (2007). Third, Fernandez asserts that section 409.2563 is itself violative of the parties' rights under the federal and Florida constitutions.
The Proceedings Below
DOR's Child Support Enforcement Program commenced an administrative proceeding against Fernandez alleging that his paternity had been legally established by affidavit or voluntary acknowledgment as to a minor child. In accordance with subsection 409.2563(4), Florida Statutes, Fernandez was directed to complete and provide a financial affidavit to DOR within twenty days after receiving the notice and to file a request for hearing, if he wanted a hearing, within that time as well.
Fernandez retained counsel and filed an answer denying the allegations in the DOR's notice of proceeding. The answer included an unsworn response requesting DNA tests to determine whether he was the natural father of the child. The answer did not request a hearing, and Fernandez did not file a completed financial affidavit.
DOR then served a "Proposed Administrative Support Order" upon Fernandez, with findings and conclusions establishing a current monthly child support obligation,[1] an arrearage amount and a requirement that Fernandez provide health care coverage when available to him. The proposed order again asserted that paternity had been established by affidavit or voluntary acknowledgment, and it specified Fernandez's rights to obtain a hearing on the issues by filing a written request with DOR within twenty days after the date of service. Fernandez did not respond to the proposed order, and a final administrative child support order was entered shortly after the twenty days expired. Fernandez timely appealed the order. At no time has Fernandez disputed the contention of DOR that Fernandez was designated as the father of the child on the child's Florida birth certificate.[2]
I. The Request for a DNA Test
The administrative procedure established for "child support only" issues assumes and requires that paternity has already been established. The controlling statute expressly requires a separate action in circuit court if the noncustodial parent requests that in writing or states in writing his or her intention to raise issues concerning custody or rights to parental contact. See § 409.2563(2)(f), Fla. Stat. (2007). In this case, Fernandez did not request a separate circuit court action and did not raise issues regarding custody or parental contact.
*877 At the time Fernandez answered the administrative notice, Florida's separate statute on disestablishment of paternity was not yet effective. That statute, section 742.18, became effective June 20, 2006, and provides a remedy in circuit court for a male who wishes to disestablish paternity or terminate a child support obligation when he is not the father of the child. That statute now contains the appropriate remedy if Fernandez wishes to terminate his current obligation.[3]
At the time Fernandez served his notice, however, any dispute regarding his previously-admitted paternity was governed by subsection 742.10(4), Florida Statutes (2007). Under that provision, it would have been incumbent upon Fernandez to commence a circuit court proceeding challenging paternity, and he would have had the burden of proof on that issue. Moreover, his child support obligations during the pendency of that challenge would not have been suspended, "except upon a finding of good cause by the court."
In Department of Revenue ex rel. T.E.P. v. Price, 958 So.2d 1045 (Fla. 2d DCA 2007), the minor child was born in 2001 and the father had signed an affidavit acknowledging paternity. When DOR commenced an administrative child support proceeding in 2006 for the benefit of the child, the father sent a handwritten letter to the court asserting that another man was actually the father of the child and stating that he would "like to take a genetic test to determine once and for all" that the child was not his. Id. The court quashed the trial court order for genetic testing of the father, mother, and child, holding that the father had failed to follow the required statutory procedure to challenge the prior determination of paternity.
Indeed, this Court has previously held that even the disestablishment of paternity may not cancel or reduce past child support obligations retrospectively (absent extraordinary or compelling circumstances), because those unpaid amounts are ordinarily a vested right of the child. Dep't. of Revenue v. Ductant, 957 So.2d 658, 660 (Fla. 3d DCA 2007). In short, the past and present statutes provide that a father who has acknowledged paternity will remain responsible for child support until he establishes good cause or prevails in his own action in circuit court to disestablish paternity and terminate the payment obligations. Neither of those circumstances occurred here.
II. No Hearing
Fernandez contends that the administrative judge committed reversible error and abused his discretion "when counsel for the alleged father specifically requested a hearing on the DNA to determine paternity and no hearing was conducted pursuant to Florida Statute 409.2563(4)(h)." Fernandez's answer, however, requested DNA testing but not a hearing. The unverified request for DNA testing, without a separate circuit court action and affidavit conforming to the applicable paternity statutes, was insufficient to derail DOR's administrative proceeding for the benefit of the child. On two separate occasions  after service of the original notice, and following receipt of the "Proposed Administrative Support Order"  Fernandez could have requested a hearing, but did not do so. Nothing was or *878 has been proffered to show reversible error or any abuse of discretion by the administrative judge in that respect.
III. Constitutionality of Section 409.2563
Fernandez argues that section 409.2563, Florida Statutes, violates a party's right to due process, a fair trial, and the right to counsel under the federal and Florida constitutions. This challenge was not raised below.[4] Fernandez had notice and an opportunity to be heard, and he was represented by counsel below. The paternity statutes afforded him then, and continue to afford him, a remedy to disestablish paternity and terminate his child support obligations if he complies with those statutes and proves his case. Fernandez has cited no specific defect or precedent in support of the conclusory and unpreserved assertion that section 409.2563 is unconstitutional. No fundamental defect or error has been shown.
IV. Conclusion
When paternity has already been established by affidavit, a birth certificate, or a prior judicial proceeding, the father is not a "putative father" and DOR, the mother, or the child do not bear the burden of proving paternity. A father's response, "need DNA test," to a DOR administrative proceeding for child support does not by itself terminate the proceeding or require DOR to commence a circuit court action to establish paternity. Dep't of Revenue v. Long, 937 So.2d 1235 (Fla. 1st DCA 2006). Rather, the burden is then on the respondent to commence his own action in the circuit court to prove that what was previously admitted, his fatherhood, is in fact a falsehood.
Affirmed.
NOTES
[1] In the absence of a financial affidavit from Fernandez, DOR used information from state wage data and his employer.
[2] Under subsection 382.013(2), Florida Statutes (2007), the name of the father of a child who is not married to the child's mother at the time of birth will not be entered on the birth certificate unless the father and mother sign an affidavit confirming paternity. The same rule applied in 1999, when the child was born, and when the DOR commenced its administrative proceeding for child support.
[3] The new statute is very clear, however, that a petitioner must execute an affidavit stating that he is current on child support (or detailing his inability for just cause to make required payments), and that the duty to pay child support "shall not be suspended while the petition is pending except for good cause shown." § 742.18(1)(c) and (6), Fla. Stat. (2007).
[4] As this Court held in Goodyear Tire & Rubber Co. v. Jones, 929 So.2d 1081, 1086 (Fla. 3d DCA 2005), a facial challenge to the constitutionality of a statute may not be raised here for the first time unless the alleged defect is fundamental in character.