990 So.2d 659 (2008)
STATE of Florida, DEPARTMENT OF REVENUE, by and on behalf of Shandria STRIGGLES, Petitioner,
v.
Henry L. STANDIFER, Respondent.
No. 1D07-5826.
District Court of Appeal of Florida, First District.
September 11, 2008.
*660 Bill McCollum, Attorney General, and William H. Branch, Assistant Attorney General, Office of the Attorney General, Child Support Enforcement, Tallahassee, for Petitioner.
Henry L. Standifer, pro se, Respondent.
PER CURIAM.
In its petition for a writ of certiorari, the Department of Revenue claims that the trial court's denial of its motion to vacate an ex parte paternity testing order constituted a departure from the essential requirements of law and threatened irreparable harm that could not be remedied on plenary appeal. We agree and grant the petition.
Upon the recommendation of a hearing officer, the trial court approved a default support order which found that respondent was the legal and natural parent of the minor child and owed a duty of support to the child. Subsequently, the Department filed a motion for contempt alleging that respondent failed to comply with the court's support order. Immediately following a hearing on the contempt motion, respondent filed a motion for scientific paternity testing which was not served on the Department or its counsel. Without a hearing or notice to the Department, the hearing officer issued an order recommending *661 that respondent's motion be granted. The trial court ratified and approved the order. The Department then moved to vacate the order granting the motion for scientific paternity testing, claiming, among other things, that the Department did not have notice or an opportunity to be heard before the motion was granted and that the hearing officer did not have jurisdiction to consider the motion. The Department also filed a paternity affidavit in which respondent acknowledged under oath that he was the natural father of the child. Following a hearing, the trial court denied the Department's motion to vacate the paternity testing order. This petition follows.
Under Florida Family Law Rule of Procedure 12.491(e), a support enforcement hearing officer lacks jurisdiction "to hear contested paternity cases." State, Dep't of Revenue ex rel. Chambers v. Travis, 971 So.2d 157, 162 (Fla. 1st DCA 2007); Benardo v. Dep't of Revenue ex rel. Reilly, 819 So.2d 161, 164-66 (Fla. 4th DCA 2002). Respondent filed his motion for scientific paternity testing after filing a "Parentage Testing Report" which claimed to exclude respondent as the biological father of the child. At a minimum, this was sufficient to place paternity in controversy because if DNA testing confirmed that respondent was not the child's father, this would be grounds to "disestablish" paternity. See State, Dep't of Revenue, Office of Child Support Enforcement v. Ductant, 957 So.2d 658 (Fla. 3d DCA 2007). Since paternity clearly was in controversy, the hearing officer did not have jurisdiction to consider respondent's motion for scientific paternity testing. Furthermore, it is undisputed that the Department never had notice of respondent's motion or an opportunity to be heard before the motion was granted, which constituted a violation of fundamental principles of due process. See Williams v. Primerano, 973 So.2d 645, 647 (Fla. 4th DCA 2008) ("A fundamental requirement of due process is `notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950))).
In light of the above, we conclude that the trial court departed from the essential requirements of law when it denied the Department's motion to vacate the ex parte paternity testing order. Moreover, subjecting the mother and child to a potentially intrusive paternity test threatened irreparable harm that could not be remedied on plenary appeal. State, Dep't of Revenue ex rel. Sharif v. Brown, 980 So.2d 590 (Fla. 1st DCA 2008); Travis, 971 So.2d at 159 n. 1; Dep't of Revenue ex rel. Gardner v. Long, 937 So.2d 1235, 1237 (Fla. 1st DCA 2006). Accordingly, we grant the petition, quash the trial court's order, and remand for further proceedings.
PETITION GRANTED; ORDER QUASHED; and CASE REMANDED for further proceedings.
BROWNING, C.J., WOLF and WEBSTER, JJ., concur.