995 So.2d 1080 (2008)
STATE of Florida, DEPARTMENT OF REVENUE, on behalf of Angel LAWSON, Petitioner,
v.
Robert P. YOUNG, III, Respondent.
No. 1D08-41.
District Court of Appeal of Florida, First District.
November 21, 2008.
Bill McCollum, Attorney General, William H. Branch, Assistant Attorney General, Tallahassee, for Petitioner.
*1081 Robert P. Young, III, pro se, Respondent.
PER CURIAM.
The Department of Revenue challenges the lower court's issuance of two orders for scientific paternity testing after the entry of a default final judgment of paternity. We elect to treat this appeal as a petition for writ of certiorari and grant the petition. See Fla. R.App. P. 9.040(c) ("If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought...."). Because the lower court departed from the essential requirements of the law, resulting in irreparable harm to the interests of Mother and her minor child, we quash the two post-judgment orders.
Petitioner Department of Revenue (the Department) filed a Petition to Establish Paternity, Child Support and For Other Relief on behalf of Mother Angel Lawson and moved for an order requiring Respondent (Father) to submit to a DNA test. Father denied that he is the biological father of Mother's minor child and filed a Motion for DNA Examination, acknowledging that the court had the authority to order a DNA test and that he would submit to such a test. The lower court ordered Mother, Father, and the minor child to undergo DNA testing within 30 days. Father subsequently refused to submit to the DNA test. On November 7, 2007, the lower court adopted the hearing officer's recommended order, which adjudicated by default that Father is the legal and natural parent of the minor child and owes her a duty of support.
On November 26, 2007, the lower court received a letter and a Motion for Scientific Paternity Testing from Father, which were both unsigned. The letter stated that Father, who is incarcerated, did not submit to the DNA test because he thought it was a general DNA test given to all felons rather than a paternity test. Father requested that the court vacate its final order adjudicating paternity and order a new DNA paternity test. Father's accompanying Motion for Scientific Paternity Testing sought scientific paternity testing under section 742.12, Florida Statutes (2007).
On November 30, 2007, the lower court entered an Order for DNA Test and an Order on Motion for Scientific Paternity Testing. In its Order for DNA Test, the court stated that it considered Father's correspondence as a petition for disestablishment under section 742.18, Florida Statutes (2007), and ordered another DNA test due to Father's misunderstanding about the earlier test. The Order on Motion for Scientific Paternity Testing ordered Father, Mother, and the minor child to immediately appear for paternity testing.
The first issue raised by the Department is whether the lower court's two ex parte orders violated the Department's right to due process. We find that the lower court violated the fundamental due process requirement of providing the Department notice of Father's correspondence and an opportunity to be heard on the issue. Dep't of Revenue ex rel. Striggles v. Standifer, 990 So.2d 659 (Fla. 1st DCA 2008) ("[I]t is undisputed that the Department never had notice of respondent's motion or an opportunity to be heard before the motion was granted, which constituted a violation of fundamental principles of due process.") (citing Williams v. Primerano, 973 So.2d 645, 647 (Fla. 4th DCA 2008)). In doing so, the lower court departed from the essential requirements of the law, thus threatening irreparable harm to the interests of Mother and her minor child. See Dep't of Revenue ex rel. T.E.P. v. Price, 958 So.2d 1045, *1082 1046 (Fla. 2d DCA 2007) ("Because this error cannot be corrected through a direct appeal, for the improper genetic testing requiring a blood draw would have already been completed, the error must be corrected through certiorari proceedings."); Dep't of Revenue ex rel. Gardner v. Long, 937 So.2d 1235, 1237 (Fla. 1st DCA 2006) ("We find that subjecting Mother and Child to a potentially intrusive test that is outside the court's jurisdiction is enough to constitute irreparable harm.").
The second issue raised is whether the lower court can treat Father's unsigned letter and accompanying motion as a petition for disestablishment of paternity under section 742.18, Florida Statutes (2007). This court recently noted that the plain language of section 742.18 establishes a new cause of action in situations where a father has newly discovered evidence on the issue of paternity. Johnston v. Johnston, 979 So.2d 337, 338 (Fla. 1st DCA 2008). Under section 742.18, Florida Statutes, a petition for disestablishment of paternity must include:
(a) An affidavit executed by the petitioner that newly discovered evidence relating to the paternity of the child has come to the petitioner's knowledge since the initial paternity determination or establishment of a child support obligation.
(b) The results of scientific tests that are generally acceptable within the scientific community to show a probability of paternity, administered within 90 days prior to the filing of such petition, which results indicate that the male ordered to pay such child support cannot be the father of the child for whom support is required, or an affidavit executed by the petitioner stating that he did not have access to the child to have scientific testing performed prior to the filing of the petition. A male who suspects he is not the father but does not have access to the child to have scientific testing performed may file a petition requesting the court to order the child to be tested.
(c) An affidavit executed by the petitioner stating that the petitioner is current on all child support payments for the child for whom relief is sought or that he has substantially complied with his child support obligation for the applicable child and that any delinquency in his child support obligation for that child arose from his inability for just cause to pay the delinquent child support when the delinquent child support became due.
§ 742.18(1), Fla. Stat. (2007).
In the present case, Father's unsigned letter and accompanying motion did not comply with the above statutory requirements. Accordingly, the lower court departed from the essential requirements of the law in treating the correspondence as a petition for disestablishment of paternity under section 742.18, Florida Statutes (2007). Because the lower court departed from the essential requirements of the law on these two issues, resulting in irreparable harm to the interests of Mother and her minor child, we GRANT the petition, QUASH the lower court's two post-judgment orders, and REMAND for further proceedings.
BROWNING, C.J., BARFIELD and THOMAS, JJ., concur.