LAGOA, J.
The appellant, Juan Carlos Aulet (“former husband”), appeals from the trial court’s order dismissing his petition to disestablish paternity and terminate child support filed pursuant to section 742.18, Florida Statutes (2007). The trial court dismissed the petition because of the former husband’s failure to meet several of the requirements set forth in subsection 742.18(1), including his failure to include with the petition scientific tests administered within ninety days prior to the filing of the petition. We affirm the trial court’s order.
The former husband and the appellee, Jinny Castro (“former wife”), were divorced in December 2003. Pursuant to the terms of the final judgment and settlement agreement, the former husband was named as the father of the parties’ three minor children. The husband subsequently had two separate DNA tests performed on one of the children, the first of which had a report date of April 5, 2007, and the second of which had a report date of May 1, 2007. Both tests concluded that there is a zero percent chance that the former husband is the father of the child upon whom the tests were conducted.
On September 28, 2007, the former husband filed a Verified Petition for Disestablishment of Paternity, Termination of Child Support Obligation, and Challenge of Acknowledgement of Paternity pursuant to section 742.18. Section 742.18 provides, in relevant part:
(1) This section establishes circumstances under which a male may disestablish paternity or terminate a child support obligation when the male is not the biological father of the child. To disestablish paternity or terminate a child support obligation, the male must file a petition in the circuit court having jurisdiction over the child support obligation. The petition must be served on the mother or other legal guardian or custodian of the child. If the child support obligation was determined administratively and has not been ratified by a court, then the petition must be filed in the circuit court where the mother or legal guardian or custodian resides. Such a petition must be served on the Department of Revenue and on the mother or legal guardian or custodian. If the mother or legal guardian or custodian no longer resides in the state, the petition may be filed in the circuit court in the county where the petitioner resides. The petition must include:
(a) An affidavit executed by the petitioner that newly discovered evidence *142 relating to the paternity of the child has come to the petitioner’s knowledge since the initial paternity determination or establishment of a child support obligation.
(b) The results of scientific tests that are generally acceptable within the scientific community to show a probability of paternity, administered within 90 days prior to the filing of such petition, which results indicate that the male ordered to pay such child support cannot be the father of the child for whom support is required, or an affidavit executed by the petitioner stating that he did not have access to the child to have scientific testing performed prior to the filing of the petition. A male who suspects he is not the father but does not have access to the child to have scientific testing performed may file a petition requesting the court to order the child to be tested.
(c) An affidavit executed by the petitioner stating that the petitioner is current on all child support payments for the child for whom relief is sought or that he has substantially complied with his child support obligation for the applicable child and that any delinquency in his child support obligation for that child arose from his inability for just cause to pay the delinquent child support when the delinquent child support became due
(2) The court shall grant relief on a petition filed in accordance with subsection (1) upon a finding by the court of all of the following:
(a) Newly discovered evidence relating to the paternity of the child has come to the petitioner’s knowledge since the initial paternity determination or establishment of a child support obligation.
(b) The scientific test required in paragraph (l)(b) was properly conducted.
(c) The male ordered to pay child support is current on all child support payments for the applicable child or that the male ordered to pay child support has substantially complied with his child support obligation for the applicable child and that any delinquency in his child support obligation for that child arose from his inability for just cause to pay the delinquent child support when the delinquent child support became due.
(d) The male ordered to pay child support has not adopted the child.
(e) The child was not conceived by artificial insemination while the male ordered to pay child support and the child’s mother were in wedlock.
(f) The male ordered to pay child support did not act to prevent the biological father of the child from asserting his paternal rights with respect to the child.
(g) The child was younger than 18 years of age when the petition was filed.
(emphasis added).
In the petition, the former husband asserted under oath the existence of newly discovered evidence relating the paternity of the child. He also alleged that he had two DNA tests conducted, both of which showed that there was a zero percent chance that he is the father of the child, but that “[t]he two paternity tests were taken more than 90 days prior to the date of this Petition because the Former-Wife has refused the Former-Husband access to the subject minor child ... since May, 2007.”
The petition did not attach an affidavit, pursuant to subsection 742.18(l)(b), stating that the former husband did not have access to the child to perform the DNA tests within the ninety-day period. Nor did the petition request the trial court to order the child to be tested.
*143 The former wife filed a motion to dismiss, arguing that the petition should be dismissed because the former husband failed to comply with several mandatory requirements of subsection 742.18(1), including the requirement that the petition include the results of scientific tests “administered within 90 days prior to the filing of such petition.” § 742.18(l)(b), Fla. Stat. (2007). The former husband responded that subsection (l)(b) serves only as a time limitation to presenting a valid DNA test.
The trial court granted the former wife’s motion to dismiss finding, among other things, that the “clear and unambiguous language” of subsection 742.18(l)(b) “mandates that the administration of the test and the filing of the petition cannot be more than ninety days apart” and that “this was not done here.” As to the former husband’s claim that the DNA tests had not been administered within ninety days prior to his filing of the petition because he did not have access to the child, the trial court concluded that “[t]his is altogether irrelevant because the ninety-day period begins to run after the test is administered ... when access to [the child], logically, would have been achieved.”
On appeal, the former husband seeks reinstatement of his petition, arguing that the trial court erred as a matter of law in its interpretation of section 742.18.[1] Specifically, the former husband asserts that the existence of scientific DNA testing — no matter when performed relative to the filing of a petition for disestablishment of paternity — is not an element of the cause of action of disestablishment of paternity, and therefore, the absence of allegations of compliance or non-compliance with the ninety-day time period stated in subsection (l)(b), cannot support a motion to dismiss. As support for his argument, the former husband relies upon the fact that the statute provides that a father may file a petition without including a DNA test when he suspects that he is not the father but does not have access to the child to permit testing performed prior to the filing of the petition. See § 742.18(l)(b), Fla. Stat. In such a case, the court may order the child tested. Id. The former husband also relies upon the fact that the statute does not specifically provide that a petition would be “legally insufficient” if filed beyond the ninety-day period. We disagree with the former husband and affirm the trial court’s dismissal of his petition.
We find the language of section 742.18 to be plain and unambiguous. As such, we do not need to resort to rules of statutory construction to determine legislative intent. See Fla. Birth-Related Neurological Injury Comp. Ass’n v. Dep’t of Admin. Hearings, 29 So.3d 992 (Fla.2010); Metro. Cas. Ins. Co. v. Tepper, 2 So.3d 209 (Fla.2009). Subsection (1)(b) states that the petition must include “results of scientific tests ... administered within 90 days prior to the filing of such petition.” If the father does not have access to the child, he “may file a petition requesting the court to order the child to be tested.”[2] Subsection *144 (2)(b) then states that a trial court shall grant relief upon a finding of several factors, including that the “scientific test required in paragraph (1)(b) was properly conducted.” (emphasis added). Therefore, contrary to the former husband’s argument, the plain language of the statute makes clear that scientific testing is indeed a mandatory requirement for a trial court to consider and grant a petition to disestablish paternity. See Johnston v. Johnston, 979 So.2d 337, 338 (Fla. 1st DCA 2008) (“[Section 742.18] clearly establishes the necessary allegations, requisite trial court findings, and conduct that would prohibit disestablishing paternity.”) This Court has already held that when the petitioner relies upon tests administered prior to the filing of the petition, the mandated test must also comply with the ninety-day provision. See State, Dep’t of Revenue v. Brinson, 953 So.2d 38 (Fla. 3d DCA 2007) (noting that section 742.18 “requires the man to file a court petition within ninety days of obtaining a paternity test”). In other words, once a man receives the results of a scientific test confirming he is not the father, he must choose to act on those results within ninety days of the date the test was administered. We note that sitting on results disputing paternity also goes to the element of “newly discovered evidence.” Accordingly, the trial court did not err in granting the motion to dismiss for failure to comply with the statute. Cf. State, Dep’t of Revenue v. Young, 995 So.2d 1080 (Fla. 1st DCA 2008) (where father’s letter and motion did not comply with section 742.18(1), the trial court departed from the essential requirements of the law in treating them as a petition for disestablishment under the statute and ordering scientific tests).
The dissent concludes that the ninety-day provision is a statute of limitations, “subject to equitable tolling, waiver, or other defenses.” Based on this conclusion, the dissent would reverse the trial court’s dismissal and remand for reconsideration on the merits. That relief, however, was not sought below or on appeal by the former husband. The former husband never argued below that the former wife waived the ninety-day requirement, or that equitable tolling should apply to allow him to rely upon the tests administered more than ninety days before the filing of the petition. Instead, the former husband’s argument is that there is no time limit to a father’s filing of a petition to disestablish paternity, merely a ninety-day restriction on the validity of a DNA test, when one is relied upon. In his motion for reconsideration of the order, the former husband specifically argued that section “742.18 is not a statute of limitation for when a disestablishment of paternity case must be filed. The statute provides that if you are asking the court to rely upon a paternity test, the paternity test can not be older than 90 days from the date of filing the case.” Respectfully, the dissent would award relief upon a basis that was neither preserved nor presented on appeal.
For the reasons stated, we affirm the trial court’s order dismissing the former husband’s petition.
SHEPHERD, J., concurs.

. The former husband also raises a constitutional challenge to the statute, claiming that the ninety-day provision set forth in subsection (l)(b) impermissibly encroaches upon the Florida Supreme Court’s rulemaking authority. Because the ninety-day provision is intimately intertwined with the substantive right that was created by the legislature’s enactment of the statute, see Massey v. David, 979 So.2d 931 (Fla.2008), we find no merit to this argument and affirm on this basis without further discussion.

. As noted earlier, although the father claimed he did not have access to the child ninety days before he filed the petition, he did *144 not ask the trial court to order the child tested.