PER CURIAM.
 

 The Department of Revenue (“the Department”), Petitioner, seeks a writ of cer-tiorari quashing a non-final order requiring Elizabeth Carnley and her child to submit to genetic paternity testing requested by Kenneth Lynch, Respondent, and ordered by the circuit court on the recommendation of a child support enforcement hearing officer. Because Lynch failed to show good cause to justify the hearing officer’s recommendation, we hold that the circuit court departed from the essential requirements of the law. Because this departure may result in harm that cannot be remedied on appeal,
 
 [1]
 
 we grant the petition and quash the order under review.
 

 On March 13, 2009, the Department issued a Final Administrative Support Order pursuant to section 409.2563, Florida Statutes (2009),
 
 [2]
 
 which provided that Lynch had a legal duty to contribute to the support of Carnle/s child, who was born in November 2005, “because he is the father and a noncustodial parent.” The order further provided that paternity had
 
 *1156
 
 been “legally established by affidavit or voluntary acknowledgment.” Rather than requesting an administrative hearing or filing a notice of appeal, Lynch filed a Motion for Scientific Paternity Testing on March 24, 2009, requesting genetic testing because “very little or no substantial proof of paternity or nonpaternity [was] available in this action.”
 

 Several months later, on September 29, 2009, the Department filed a petition with the circuit court seeking enforcement of its final administrative support order. The Department did not address Lynch’s motion for genetic testing; rather, the Department requested, among other relief, that the circuit court make written findings of fact that Lynch failed to pay his current child support obligation and to make periodic payments to reduce his retroactive support obligation, and also requested an order requiring Lynch to comply with the administrative order. Lynch responded by filing a letter alleging the following.
 

 I have ask[ed] for DNA from day one in this case but the State won’t give me the DNA test. I did not sign my name on that birth certificate, so I am asking you to grant me DNA testing in this case.... Iam not the father of the child ... so will you please do [a] DNA [test] so we can clear this matter up.
 

 The matter proceeded to an administrative hearing before a child support enforcement hearing officer on February 9, 2010. There, the hearing officer noted Lynch’s “numerous” requests for DNA testing and continued the matter for an additional hearing to resolve the “dispute about the DNA” despite the Department’s objections that considering this matter was beyond the scope of the hearing officer’s authority. At the April 6, 2010, hearing, the hearing officer construed the father’s letter as a petition to disestablish paternity and found that because it was in the best interests of the child “to find out if [Lynch] is the father,” the parties should submit to genetic testing, which the hearing officer classified as “unobtrusive, cheap, and reliable.” The hearing officer drafted a recommended order reflecting this position, which ordered the parties “to submit to a DNA test.” The circuit coux-t ratified and approved the hearing officer’s recommended “Order Compelling Genetic Testing” on April 8, 2010. This petition follows.
 

 To be entitled to certiorari relief, the petitioner must demonstrate that the order under review departs from the essential requirements of the law and that the order will cause irreparable harm that cannot be remedied via plenary appeal.
 
 See State, Dep’t of Revenue ex rel. Chambers v. Travis,
 
 971 So.2d 157, 158-59 (Fla. 1st DCA 2007);
 
 see also State, Dep’t of Revenue ex rel. Striggles v. Standifer,
 
 990 So.2d 659, 661 (Fla. 1st DCA 2008). A ruling constitutes a departure from the essential requirements of the law when it amounts to “a violation of a clearly established principle of law resulting in a miscarriage of justice.”
 
 Yang Enters., Inc. v. Georgalis,
 
 988 So.2d 1180, 1183 (Fla. 1st DCA 2008) (citations omitted). The term “clearly established law” refers to “recent controlling case law, rules of court, statutes, and constitutional law.”
 
 Allstate Ins. Co. v. Kaklamanos,
 
 843 So.2d 885, 890 (Fla.2003).
 

 Florida Family Law Rule of Procedure 12.491(e) provides that a child support enforcement hearing officer “does not have the authority to hear contested paternity cases.”
 
 Standifer,
 
 990 So.2d at 661;
 
 Travis,
 
 971 So.2d at 162. Additionally, “no party to any family law proceeding is entitled to an order requiring another party to submit to genetic testing unless (1) the proceedings place paternity ‘in controversy’ and (2) ‘good cause’ exists for the testing.”
 
 Travis,
 
 971 So.2d at 162 (citation
 
 *1157
 
 omitted). Regarding the first requirement, paternity can be placed “in controversy” during proceedings conducted by a child support enforcement hearing officer if the purported father files documentation alleging that he is not the biological father or by asserting that he has not acknowledged his fatherhood in an affidavit executed in conformity with section 742.10(1), Florida Statutes (2009), or by “otherwise putfting] paternity at issue.”
 
 Dep’t of Revenue ex rel. Sharif v. Brown,
 
 980 So.2d 590, 590-91 (Fla. 1st DCA 2008). With respect to the second requirement, “good cause” would have existed for genetic testing under these facts if Lynch had instituted proceedings under section 742.10(4), Florida Statutes (2009), or section 742.18(1), Florida Statutes (2009), to “disestablish” paternity.
 
 Travis,
 
 971 So.2d at 161. Specifically, a party may disestablish paternity under section 742.10(4) “on the basis of fraud, duress, or material mistake of fact, with the burden of proof upon the challenger.” “Absent any such allegation, and absent proof in support [of the allegation,]” the party challenging paternity fails to show good cause.
 
 Travis,
 
 971 So.2d at 161. Under section 742.18(1), “a male may disestablish paternity or terminate a child support obligation when the male is not the biological father of the child” by filing a petition in the circuit court that includes the following documents:
 

 (1) an affidavit averring “that newly discovered evidence relating to the paternity of the child has come to the petitioner’s knowledge since the initial paternity determination or establishment of a child support obligation”; (2) the results of a paternity test generally accepted within the scientific community demonstrating a probability that the petitioner cannot be the biological father of the child or an affidavit alleging that the petitioner lacked access to the child that scientific testing requires; and (3) an affidavit in which the petitioner avers that he has substantially complied with any child support obligation for the child and that any delinquency resulted from his “inability for just cause to pay the delinquent child support” when it became due.
 

 Travis,
 
 971 So.2d at 161 (citing § 742.18(l)(a)-(c)).
 

 In this case, Lynch placed paternity in controversy via his letter to the circuit court, which requested a DNA test based on his allegations that he was not the father of the child and that he had not signed the child’s birth certificate. Either of these allegations would have been sufficient to independently place paternity in controversy under the facts of this case.
 
 Cf Brown,
 
 980 So.2d at 590-91 (holding that paternity had not been placed in controversy because the purported father’s response to the Department’s petition for child support and other relief “did not allege that he was not the biological father, or that he had not acknowledged his fatherhood in an affidavit ... or otherwise put paternity at issue”).
 

 Although Lynch placed paternity in controversy in the child support proceedings pending before the child support enforcement hearing officer, he failed to show good cause to justify the hearing officer’s recommendation to require the mother and child to submit to DNA testing. In particular, although Lynch alleged that he was not the child’s biological father and that he had not signed the child’s birth certificate, he did not present any proof of fraud, duress, material mistake of fact, or newly discovered evidence that would have disestablished paternity under section 742.10(4), as he has neither provided a copy of the child’s birth certificate to show that he did not sign the document, nor provided other evidence to support his claims.
 
 See Travis,
 
 971 So.2d at 162. Absent proof to support Lynch’s allegations, Lynch failed to show good cause to justify the circuit
 
 *1158
 
 court’s order for paternity testing.
 
 Id.
 
 at 161-62;
 
 cf. State, Dep’t of Revenue, Office of Child Support Enforcement v. Ductant,
 
 957 So.2d 658, 659-60 (Fla. 3d DCA 2007) (holding that because a DNA test confirmed that the purported father was not the child’s father, the purported father sufficiently established that there had been a “material mistake of fact” that was “sufficient to disestablish paternity”). Similarly, Lynch’s one-page letter to the circuit court does not present sufficient grounds to disestablish paternity under section 742.18(1), as the letter does not include the two required affidavits.
 
 See
 
 § 742.18(1)(a), (c) (describing contents of the required affidavits). Further, the letter also does not contain the results of a paternity test, which is required by section 742.18(1)(b), as the reason Lynch filed the letter was to request such a test. For these reasons, we hold that Lynch failed to show good cause to justify a court order for paternity testing.
 

 Because no good cause was shown to justify the child support enforcement hearing officer’s recommendation to require the mother and child to submit to DNA testing, the circuit court’s order adopting this recommendation departed from the essential requirements of the law.
 
 See Travis,
 
 971 So.2d at 162 (reaching this conclusion under similar facts). Further, because this departure may result in harm that cannot be remedied on plenary appeal, we grant the Department’s petition for a writ of certiorari, quash the order under review, and remand for further proceedings consistent with this opinion.
 

 PETITION GRANTED.
 

 VAN NORTWICK, LEWIS, and CLARK, JJ., concur.
 

 [1]
 

 . This Court has repeatedly held that requiring genetic testing under similar circumstances qualifies as irreparable harm.
 
 See, e.g., Dep’t of Revenue ex rel. Gardner v. Long,
 
 937 So.2d 1235, 1237 (Fla. 1st DCA 2006) ("We find that subjecting Mother and Child to a potentially intrusive [paternity] test ... is enough to constitute irreparable harm.”);
 
 see also State, Dep’t of Revenue ex rel. Chambers v. Travis,
 
 971 So.2d 157, 159 n. 1 (Fla. 1st DCA 2007), and the authorities cited therein.
 

 [2]
 

 . Section 409.2563(l)(a) defines an “administrative support order” as "a final order rendered by or on behalf of the department pursuant to this section establishing or modifying the obligation of a
 
 parent
 
 to contribute to the support and maintenance of his or her child or children ...§ 409.2563(l)(a), Fla. Stat. (2009) (emphasis added). Thus, such orders "assume that paternity has already been established or is being established in a separate administrative proceeding pursuant to section 409.256, Florida Statutes.”
 
 Long,
 
 937 So.2d at 1237.