IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

FLORIDA DEPARTMENT OF
REVENUE, o/b/o Tamara Torres,

    Petitioner,

v.

CHRISTOPHER LEE SPRAGGS,

    Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2075

Opinion filed October 15, 2015.

Petition for Writ of Certiorari. Original jurisdiction.

Pamela Jo Bondi, Attorney General, and William H. Branch, Assistant Attorney General, Tallahassee, for Petitioner.

No appearance for Respondent.

RAY, J.

The Florida Department of Revenue petitions for a writ of certiorari to review an order directing the parties and the minor child to submit to paternity testing in a proceeding to modify the father's child support obligation. Because paternity was not in controversy in the proceedings below, the order departs from the essential requirements of law and threatens irreparable harm that cannot be remedied on plenary appeal. We grant the petition and quash the challenged order.

The Department filed a petition on behalf of the mother, Tamara Torres, to modify the existing child support obligations of the father, Christopher Lee Spraggs, for their minor child. In response, the father requested a paternity test "to know" if the child is his, contending that "at the time that [the child's] mother and I were together she had affairs with other men."

During the administrative hearing on the Department's petition, the child support hearing officer asked the father if he was contesting paternity. The father replied affirmatively and stated that, while he signed the birth certificate for the child, he wanted "to be sure" about paternity in light of the mother's affairs during their relationship. The mother denied having an affair that resulted in the child's conception and asserted that the child is "definitely his," but she did not object to a paternity test. The Department argued against paternity testing because paternity had been previously established by Mr. Spragg's signature on the child's birth certificate and he would have to "disestablish" paternity through a separate proceeding.

The hearing officer entered a report and recommendation for an order compelling genetic tissue typing of the parties and the minor child to assist in resolving the issue of paternity. The circuit court ratified and approved the hearing officer's recommended order, and the Department timely sought this Court's review.

## II.

To be entitled to certiorari relief, the Department must establish that the circuit court's order departs from the essential requirements of law and that the order will cause irreparable harm that cannot be cured on plenary appeal. See State, Dep't of Revenue ex rel. Carnley v. Lynch, 53 So. 3d 1154, 1156 (Fla. 1st DCA 2011). Addressing the irreparable harm prong first, which constitutes the jurisdictional test, we observe that any error in requiring potentially intrusive paternity testing is one that cannot be remedied by subsequent direct appeal. See Fla. Dep't of Revenue ex rel. Corbitt v. Alletag, 156 So. 3d 1110, 1112 (Fla. 1st DCA 2015); Lynch, 53 So. 3d at 1155 n. 1 (and cases cited therein). Accordingly, we have jurisdiction to determine whether the circuit court departed from the essential requirements of law when it ordered the parties and the minor child to submit to paternity testing.

Florida law provides a statutory framework for contesting the establishment of paternity for a child born out of wedlock and for disestablishing paternity or terminating child support obligations when the male is not the biological father of the child. The establishment of paternity for a child born out of wedlock "may be challenged in court only on the basis of fraud, duress, or material mistake of fact, with the burden of proof upon the challenger." § 742.10(4), Fla. Stat. (2015). Alternatively, a male may disestablish paternity or terminate a child support obligation when the male is not the biological father of the child, upon meeting specific pleading and proof

3

requirements in circuit court, which include attesting that newly discovered evidence relating to the paternity of the child has come to the petitioner's knowledge since the initial paternity determination or establishment of a child support obligation. § 742.18, Fla. Stat. (2015).

In the case before us, it is clear that the father did not plead any basis to contest or disestablish paternity under subsection 742.10(4) or under section 742.18. Simply put, there was no paternity action pending before the court upon which a paternity test could be ordered. The only issue before the court was the Department's petition to modify the father's child support obligation.

III.

Under these circumstances, the court's order compelling paternity testing is properly viewed as a discovery order. See State, Dep't of Revenue ex rel. Chambers v. Travis, 971 So. 2d 157, 161-62 (Fla. 1st DCA 2007). But, discovery has its limits, and as this Court has held time and again, "no party to any family law proceeding is entitled to an order requiring another party to submit to genetic testing unless (1) the proceedings place paternity 'in controversy' and (2) 'good cause' exists for the testing." Alletag, 156 So. 3d at 1112-13; State, Dep't of Revenue ex rel. Sharif v. Brown, 980 So. 2d at 591-92; Travis, 971 So. 2d at 162 (citing Fla. Fam. L. R. P. 12.360 and Fla. R. Civ. P. 1.360).

4

Regarding the "in controversy" requirement, Judge Wetherell recently authored an opinion of this Court in a case with similar facts, <u>Fla. Dep't of Revenue ex rel. Corbitt v. Alletag,</u> and concluded as follows:

> The issue of paternity was not placed in controversy by the father because he did not assert in his answer or his testimony at the hearing that he was not the child's biological father; indeed, he admitted at the hearing that he signed the child's birth certificate as the child's father. <u>See</u> <u>Lynch</u>, 53 So.3d at 1157 (explaining that paternity can be placed in controversy if the purported father "files documentation alleging that he is not the biological father or by asserting that he has not acknowledged his fatherhood in an affidavit"). The ground asserted by the father to support his request for paternity testing—to be 100% sure that he is the child's biological father—was insufficient as a matter of law to place paternity in controversy. <u>See</u> <u>Brown</u>, 980 So.2d at 591–92 (finding that the father's "preference" for a DNA test "[t]o be really sure" that he was the father did not place paternity in controversy).

156 So. 3d at 1113. Here, the father acknowledged that he signed the child's birth certificate, but that he wanted paternity testing "to be sure" that he is the biological father. As in <u>Alletag</u>, the father's precautionary desire for genetic testing is insufficient as a matter of law to place paternity in controversy. Accordingly, discovery by way of an order compelling the parties and minor child to submit to a paternity test is a departure from the essential requirements of law.

## IV.

For the reasons stated above, we grant the Department's petition for writ of certiorari, quash the circuit court's order, and remand for further proceedings consistent with this opinion.

PETITION GRANTED; ORDER QUASHED.

ROBERTS, CJ., and THOMAS, J., CONCUR.