ROBERTS, C.J.
The Florida Department of Revenue seeks certiorari review of an order directing co-petitioner Cynthia M. Hartsell to make C.L.M.H., her minor child, available for genetic testing. Mr. Hartsell failed to file a response to the Department’s petition for writ of certiorari in the time allotted him. Upon consideration of the merits in the absence of a response, we qualifiedly grant the petition and quash the order compelling genetic testing. While the trial court correctly found that Mr. Hartsell substantially complied with the pleading requirements of Florida’s paternity disestablishment statute, the. order should not have been entered in the absence of a finding that good cause existed for ordering a genetic paternity test.
Mr. Hartsell, the legal and presumptive father of C.L.M.H., moved for genetic paternity testing below in response to a petition to establish child support and other relief filed by the Department. Although Mr. and Mrs. Hartsell were married at the time of C.L.M.H.’s birth and Mr. Hartsell signed the child’s birth certificate, both the motion and the amended motion alleged the existence of newly discovered evidence, in the form of information given him by Mrs. Hartsell and her mother, that there is “a good probability” that he is not the child’s biological father. A hearing was held on the motion, which was granted. Although Mr. Hartsell was present at the hearing and available to testify, the trial court did not hear or otherwise receive evidence in support of his allegations. Rather, the trial court summarily granted Mr. Hartsell’s motion after finding that it substantially complied with the pleading requirements of séction 742.18, Florida Statutes (2014).
“To be entitled to certiorari relief, the petitioner must demonstrate [1] *365 that the order under review departs from the essential requirements of the law and [2] that the order will cause irreparable harm that cannot be remedied via plenary appeal.” Fla. Dep’t of Rev. ex rel. Corbitt v. Alletag, 156 So.3d 1110, 1112 (Fla. 1st DCA 2015) (quoting Dep’t of Rev. ex rel. Carnley v. Lynch, 53 So.3d 1154, 1156 (Fla. 1st DCA 2011)). “An order departs from the essential requirements of law when it violates a clearly established principle of law (including controlling case law) resulting in a miscarriage of justice.” Alletag, 156 So.3d at 1112.
I. Departure from Essential Requirements of Law
The Department adduces several arguments to support, its contention that the trial court departed from the essential requirements of the law in granting Mr. Hartsell’s motion for genetic testing. We find that ’ only one of these has merit.
A. Satisfaction, of “Good Cause” Requirement
Pursuant to Florida Rule of Civil Procedure -1.360(a)(l)-(2) and Florida Family Law Rule of Procedure 12.360, “no party to any family law proceeding is entitled to an order requiring another party to submit to genetic testing unless (1) the proceedings place paternity ‘in controversy and (2) ‘good cause’ exists for the testing.” Alletag, 156 So.3d at 1112 (quoting Lynch, 53 So.3d at 1156-57).
While the proceedings in the- present case certainly placed his paternity of the minor child in question, Mr. Hartsell failed to prove, and the trial court’s order failed to address, that good cause existed for ordering a genetic paternity test. “To establish good cause [for paternity testing], the father must allege (and ultimately prove) ... that -there is - newly discovered evidence of the paternity of the child.” Alletag, 156 So.3d at 1112 (emphasis added). Although he was present at the hearing and available to testify, the trial court did not hear or receive any evidence in support of Mr. Hartsell’s eonclusory allegation (contained in his motions) that newly available evidence indicated that he was not C.L.M.H.’s biological father. Rather, the trial court summarily granted Mr. Hartsell’s motion after finding that it substantially complied with the requirements of section 742.18(1). Although Mr. Hart-sell sufficiently alleged good cause for a paternity test, the trial court denied him an opportunity to prove such evidence existed and denied the. Department an opportunity to rebut it.
Accordingly, we find that the trial court departed from the essential requirements of law when it granted Mr. Hartsell’s motion without giving him an opportunity to prove, and the Department an opportunity to rebut, that there was newly discovered evidence placing his paternity in doubt.
B. Compliance with Section 742.18, Florida’s Paternity Disestablishment Statute
The Department argues that the trial court erred when it found that Mr. Hart-sell’s motion to terminate child support and for genetic testing substantially complied- with the requirements of section 742.18. Although we find this argument to be without merit, we believe it opportune to discuss our reasoning and to distinguish the facts' of the present case from others that have been adjudicated by this Court.
Section 742.18(1) provides that a petition for disestablishment of paternity “must be served on the mother or other legal guardian or custodian of the child” and must' include:
(a) An affidavit executed by the petitioner that newly discovered evidence relating to the paternity of the child has come to the petitioner’s knowledge since *366 the initial paternity determination or establishment of a child support obligation.
(b) ... A male who suspects he is not the father but does not have access to the child to have scientific testing performed may file a petition requesting the court to order the child to be tested.
(c) An affidavit executed by the petitioner stating that the petitioner is current on all child support payments, for the child for whom relief is sought or that he has substantially complied with his child support obligation for the applicable child and that any delinquency in his child support obligation for' that child arose'from his inability for just cause-''to pay the delinquent child support’ when the delinquent child support became due.
In State, Dep’t of Rev. ex rel. Lawson v. Young, 995 So.2d 1080, 1082 (Fla. 1st DCA 2008), this Court found that “Father’s unsigned letter and accompanying motion did not comply with the [section 742.18(1)] statutory requirements,” The father in that case had already been adjudicated by default to be the legal and natural parent of, and to owe a duty of support to, the minor child at issue. Id. at 1081. Neither his letter nor his accompanying “Motion for Scientific- Paternity Testing” contained a signature, and the father did not allege newly discovered evidence relating to the paternity of the child. Id, More recently, in Alletag, 156 So.3d at 1112, this Court quashed a trial court’s, order requiring paternity testing after finding that a legal father’s assertion that he only signed a paternity affidavit because he “was the only male. present” when the child was born and that he wanted to be “100% sure” that he was the biological father was insufficient as a matter of law to establish good cause for paternity testing. Similarly, in State ex rel. Chambers v. Travis, 971 So.2d 157, 162 (Fla. 1st DCA 2007), this Court quashed a trial court’s paternity test order after .finding that a legal father’s request for testing, merely in order “to be sure” that he was the child’s biological father before being required to pay child support, failed to constitute good cause.
These cases are readily distinguishable from that presently before us. Here, Mr. Hartsell’s -motion and amended motion were each signed, sworn, and notarized, thereby fulfilling the affidavit requirements of section 92.50(1), Florida Statutes (2014). In addition, Mr. Hartsell expressly alleged discovery of new evidence, from Mrs. Hartsell and her mother, that he was not C.L.M.H’s biological father, thereby satisfying the first of section 742.18(l)’s three prongs. Because he does not have custody of the minor child, he has requested an order for testing, and there is no existing child support obligation for the child, the second and third prongs are.also satisfied.
The Department further argues that Mr, Hartsell failed to serve his motions on Mrs. Hartsell. However, the Certificate of Service appended to the amended motion indicates that a copy of that motion was mailed to Mrs. Hartsell at three different addresses, including the one at-which she received correspondence from the Department and the trial court. Additionally, the Department failed to raise insufficiency of service of process when arguing before the trial court. Accordingly, this issue was not preserved for appellate review. See Fla. R. Civ. P. 1.140(b) & (h)(1).
II. Irreparable Harm
This Court “ha[s] repeatedly held that an order erroneously requiring paternity testing constitutes irreparable harm.” Alletag, 156 So.3d at 1112 (citing Lynch, 53 So.3d at 1156 n. 1) (finding that paternity testing pursuant to an order that departs from the essential requirements of law constitutes irreparable harm). Accordingly, because the trial court’s order below departed from the essential requirements of law, C.L.M.H.- will suffer irreparable *367 harm if Mrs. Hartsell complies with the trial court’s order.
III. Conclusion
We therefore grant the Department’s petition and quash the order on review because it fails to reflect a finding of goqd cause for. a genetic ■ paternity test. We note that, by . virtue of our quashal of the order, Mr. Hartsell’s motion, which we find substantially complies with the pleading requirements of section. 742.18, .remains pending. The trial, court must grant Mr. Hartsell an opportunity to prove, and the Department an opportunity to rebut, that there is newly discovered evidence relating to Mr. Hartsell’s paternity of C.L.M.H.[1] In addition, the trial court’s written order granting or denying Mr. Hartsefl’s petition should address the rule 1.360 “in controversy” and “good cause” prerequisites. See Wade v. Wade, 124 So.3d 369, 375 (Fla. 3d DCA 2013).
Petition GRANTED; order QUASHED.; remanded for further proceedings.
SWANSON and KELSEY, JJ., concur.

. An evidentiary hearing may or may not be necessary to determine whether the "good cause” requirement has been satisfied; verified pleadings or affidavits may be sufficient. As noted, however, mere conclusory allegations do not constitute good cause, See Russenberger v. Russenberger, 639 So.2d 963, 965 (Fla.1994).